| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: | |
| DISTRICT OF DELAWARE | |
| Case number (if known) | Chapter 11 |

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy  4/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

**1. Debtor's name**  Pernix Sleep, Inc.

**2. All other names debtor used in the last 8 years**
Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**  20-0161599

**4. Debtor's address**

Principal place of business

10 North Park Place
Suite 201
Morristown, NJ 07960
Number, Street, City, State & ZIP Code

Morris
County

Mailing address, if different from principal place of business

P.O. Box, Number, Street, City, State & ZIP Code

Location of principal assets, if different from principal place of business

Number, Street, City, State & ZIP Code

**5. Debtor's website (URL)**  http://www.pernixtx.com

**6. Type of debtor**
■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:

Debtor **Pernix Sleep, Inc.**　　　　　　　　　　　　　　　　　　　　　　Case number (*if known*)　_____
　　　　Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
　__3254__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check all that apply*:

　　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

　　☐ A plan is being filed with this petition.

　　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

　　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A)* with this form.

　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.

☐ Yes.

If more than 2 cases, attach a separate list.

| | District | When | Case number |
|---|---|---|---|
| | District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No

■ Yes.

List all cases. If more than 1, attach a separate list

| Debtor | See Schedule 1 | | Relationship | |
|---|---|---|---|---|
| District | | When | Case number, if known | |

Debtor  **Pernix Sleep, Inc.**                                                    Case number (*if known*)
        Name

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- ■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- ■ No
- ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

  **Why does the property need immediate attention?** (*Check all that apply.*)

  - ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____
  - ☐ It needs to be physically secured or protected from the weather.
  - ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
  - ☐ Other _____

  **Where is the property?** _____
  Number, Street, City, State & ZIP Code

  **Is the property insured?**
  - ☐ No
  - ☐ Yes. Insurance agency _____
    Contact name _____
    Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*
- ☐ Funds will be available for distribution to unsecured creditors.
- ■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

- ■ 1-49
- ☐ 50-99
- ☐ 100-199
- ☐ 200-999
- ☐ 1,000-5,000
- ☐ 5001-10,000
- ☐ 10,001-25,000
- ☐ 25,001-50,000
- ☐ 50,001-100,000
- ☐ More than 100,000

**15. Estimated Assets**

- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

- ■ $0 - $50,000
- ☐ $50,001 - $100,000
- ☐ $100,001 - $500,000
- ☐ $500,001 - $1 million
- ☐ $1,000,001 - $10 million
- ☐ $10,000,001 - $50 million
- ☐ $50,000,001 - $100 million
- ☐ $100,000,001 - $500 million
- ☐ $500,000,001 - $1 billion
- ☐ $1,000,000,001 - $10 billion
- ☐ $10,000,000,001 - $50 billion
- ☐ More than $50 billion

Debtor  **Pernix Sleep, Inc.**             Case number (*if known*) _____
        Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  02 / 18 / 2019
             MM / DD / YYYY

X _____          **John A. Sedor**
Signature of authorized representative of debtor     Printed name

Title  **Authorized Person**

**18. Signature of attorney**

X _____          Date  02 / 18 / 2019
Signature of attorney for debtor                    MM / DD / YYYY

**Adam G. Landis 3407**
Printed name

**Landis Rath & Cobb LLP**
Firm name

**919 Market Street
Suite 1800
Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 467-4400**      Email address  **landis@lrclaw.com**

**3407 DE**
Bar number and State

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PERNIX SLEEP, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-_____ ( )<br><br>Tax I.D. No. 20-0161599 |

## SCHEDULE 1 TO PETITION

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the Court consolidate their chapter 11 cases for procedural purposes only.

Pernix Therapeutics Holdings, Inc.
Pernix Ireland Limited
Pernix Holdco 3, LLC
Pernix Ireland Pain Designated Activity Company
Pernix Manufacturing, LLC
Pernix Therapeutics, LLC
Cypress Pharmaceuticals, Inc.
Pernix Holdco 1, LLC
Pernix Holdco 2, LLC
Respicopea, Inc.
Macoven Pharmaceuticals, L.L.C.
Gaine, Inc.
Hawthorn Pharmaceuticals, Inc.

---

[1] The last four digits of the Debtor's federal tax identification number are 1599. The Debtor's corporate headquarters and its mailing address is 10 North Park Place, Suite 201, Morristown, NJ 07960.

{1228.001-W0053085.}

Fill in this information to identify the case:
Debtor Name: **Pernix Sleep, Inc., et al.**
United States Bankruptcy Court for the District of Delaware
Case Number:

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim   If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wilmington Trust, National Association   50 South Sixth Street   Suite 1290   Minneapolis, MN 55402 | Alexandre de Rothschild   (T) 612.217.5650   (F) 612.217.5651   aderothschild@wilmingtontrust.com | Indenture Trustee to 4.25% Convertible Senior Notes due 2021 | | | | $78,225,000 |
| 2 | Wilmington Trust, National Association   50 South Sixth Street   Suite 1290   Minneapolis, MN 55402 | Quinton M. DePompolo   (T) 612-217-5670   (F) 612-217-5651   qdepompolo@wilmingtontrust.com | Indenture Trustee to 4.25%/5.25% Exchangeable Senior Notes | | | | $35,743,000 |
| 3 | Caremark   2211 Sanders Rd   Northbrook, IL 60062 | Attn: Senior Vice President, Trade Relations   Fax: (847) 559-3428 | MCO (Part D) | | | | $3,394,439 |
| 4 | Palmetto GBA - TPA Operations   17 Technology Cir   Columbia, SC 29203-9591 | Attn: General Counsel   1-877-534-2772 x1   tpaoperations@tpadministrator.com | Coverage Gap | | | | $2,024,874 |
| 5 | Civil Medicaid Fraud Division   PO Box 12548   Austin, Texas 78711-2548 | Attn: Office of the Attorney General   Fax: (512) 475-2994 | Settlement | | | | $2,000,000 |
| 6 | GlaxoSmithKline LLC   5 Crescent Drive   Philadelphia PA 19112 | Attn: General Counsel   marilyn.r.orndorff@gsk.com | Settlement | Contingent | | | $2,000,000 |
| 7 | McKesson Corporation   6555 State Highway 161   Irving, TX 75037 | Mark Miller, VP, Procurement Services McKesson   (972) 446-4202   Mark.Miller@McKesson.com | Wholesaler | | | | $1,954,634 |
| 8 | Cardinal Health   7000 Cardinal Place   Dublin, OH 43017 | Attn: General Counsel   Fax: 614-652-7325   chieflegalofficer@cardinalhealth.com | Wholesaler | | | | $1,846,123 |

Debtor  **Pernix Sleep, Inc., et al.**  
Name

Case number (*if known*) _____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 9 | Caremark<br>2211 Sanders Rd<br>Northbrook, IL 60062 | Attn: Senior Vice President, Trade Relations<br>Fax: (847) 559-3428 | MCO | | | | $1,303,176 |
| 10 | Medicine To Go Pharmacies, Inc.<br>c/o Heffler Claims Group<br>1515 Market St. Ste 1700<br>Philadelphia, PA 19102 | Stem Thomasson LLP<br>(973) 379-7500<br>andrew@sternthomasson.com | Settlement | | | | $1,152,500 |
| 11 | Quick Care Pharmacy Inc.<br>130 Crossways Park Drive<br>Suite 101<br>Woodbury, NY 11797 | Attn: CFO<br>mfang@quickcarepharmacy.com | Prescription Direct | | | | $1,068,731 |
| 12 | Defense Health Agency<br>Tricare Mgmt Activity<br>16401 E. Centretech Parkway<br>Aurora, CO 80011-9066 | Attn: General Counsel, Contract Resource Management (CRM)<br>UFVARR_Requests@mail.mil | TriCare | | | | $1,005,263 |
| 13 | AmerisourceBergen Drug Corporation<br>1300 Morris Drive<br>Chesterbrook PA 19087 | Attn: General Counsel<br>Ewinderman@amerisourcebergen.com | Wholesaler | | | | $850,800 |
| 14 | OptumRx, Inc.<br>17900 Von Karman Avenue<br>MIS CA016-0202<br>Irvine, CA 92614 | Attn: S.V.P., Industry and Network Relations<br>Fax: (949) 988-6085 | MCO | | | | $814,092 |
| 15 | RelayHealth<br>1564 N.E. Expressway<br>Atlanta, GA 30329 | Marina Cantoni Engler<br>412-474-1110<br>marina.cantoni@mckesson.com | Coupon Adjudicator | | | | $750,954 |
| 16 | Cigna HealthCare<br>900 Cottage Grove Road, 85PHR<br>Hartford, CT 06152 | Attn: Alex G. Krikorian, R.Ph., M.B.A.<br>Vice President, Pharmaceutical Contracting<br>lisa.murray@cigna.com | MCO (Part D) | | | | $685,220 |
| 17 | Prime Therapeutics LLC<br>1305 Corporate Center Drive<br>Eagan, MN 55121 | Attn: Vice President Pharmaceutical Trade Relations<br>patrick.mccaw@primetherapeutics.com | MCO | | | | $653,047 |
| 18 | Prime Therapeutics LLC<br>2900 Ames Crossing Road<br>Eagan, MN 55121 | Attn: Vice President Pharmaceutical Trade Relations<br>patrick.mccaw@primetherapeutics.com | MCO (Part D) | | | | $652,786 |
| 19 | Recro Gainesville LLC<br>1300 Gould Drive<br>Gainesville, GA 30504 | Attn: General Counsel<br>Joseph.Musciotto@recrocdmo.com | Royalty / Inventory | | | | $572,537 |
| 20 | Source Healthcare Analytics, LLC - Symphony Health Solutions Corporation<br>2390 E Camelback Road<br>Phoenix, AZ 85016 | Attn: LegalDepartment<br>legal@Symphonyhealth.com | Trade Debt | | | | $489,685 |

{1228.001-W0053903.}  Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    page 2

Debtor  **Pernix Sleep, Inc., et al.**    Case number (*if known*) _____
        Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Express Scripts, Inc.<br>One Express Way<br>St. Louis, MO 63121 | Attn: F. Everett Neville, Chief Trade Relations Officer<br>Fax: 800-964-1888 | MCO | | | | $407,825 |
| 22 | Venable LLP<br>1290 Ave of Americas, 20th Fl.<br>New York, NY 10104 | Attn: General Counsel<br>dconde@venable.com | Trade Debt | | | | $388,235 |
| 23 | ProCom One<br>100 E. San Antonio<br>Suite 201 San Marcos, TX 78666 | Attn: General Counsel<br>neilbkv@gmail.com | Royalty | | | | $368,620 |
| 24 | Cigna HealthCare<br>900 Cottage Grove Road, BSPHR<br>Hartford, CT 06152 | Kerri Miller, PharmD<br>Vice President, Pharmaceutical Contracting<br>kerri.miller@cigna.com | MCO | | | | $353,882 |
| 25 | Integrated Commercialization Solutions, Inc.<br>3101 Gaylord Parkway<br>Frisco, TX 75034 | Therese Brooks<br>469-365-7639<br>Theresa.Brooks@icsconnect.com | Third Party Logistics | | | | $351,504 |
| 26 | MarketShareMovers<br>2325 Heritage Center Drive, Suite 317<br>Furlong, PA 18925 | Attn: President<br>Shari.Wales@marketsharemovers.com | Coupon Adjudicator | | | | $263,546 |
| 27 | CPPIB Credit Investments<br>6C Rue Gabriel Lippmann<br>L-5365 Munsbach<br>Luxembourg | Attn: General Counsel<br>cppibipinvestments@cppib.com | Royalty | | | | $250,690 |
| 28 | Walgreen Co.<br>300 Wilmot Rd.<br>1st Floor MS:3240<br>Deerfield, IL 60015 | Attn: General Counsel<br>RxARInquary@walgreens.com | GPO Rebate | | | | $231,894 |
| 29 | Sheffield Pharmaceuticals LLC<br>170 Broad Street<br>New London, CT 06320-5313 | Bill Mencer, Controller<br>860-442-4451 x2216<br>Bill.Mencer@sheffieldpharma.com | Inventory | | | | $211,324 |
| 30 | Nalpropion Pharmaceuticals, Inc.<br>9171 Towne Centre Drive<br>Suite 270<br>San Diego, CA 92122-1267 | Kris Hanson, General Counsel<br>khanson@nalpropion.com | Non-Debtor JV Related Party | Unliquidated | | | $0.00 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERNIX SLEEP, INC.,[1] | Case No. 19-_____ ( ) |
| Debtor. | Tax I.D. No. 20-0161599 |

## LIST OF EQUITY SECURITY HOLDERS

The following is a list of debtor Pernix Sleep, Inc.'s equity security holders. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing this chapter 11 case.

| **Name and Address of Holder** | **Percentage** |
|---|---|
| Pernix Holdco 3, LLC<br>10 North Park Place<br>Suite 201<br>Morristown, NJ 07960 | 100% |

---

[1] The last four digits of the Debtor's federal tax identification number are 1599. The Debtor's corporate headquarters and its mailing address is 10 North Park Place, Suite 201, Morristown, NJ 07960.

{1228.001-W0053135.}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> PERNIX SLEEP, INC.,[1] <br><br> Debtor. | Chapter 11 <br><br> Case No. 19-_____ ( ) <br><br> Tax I.D. No. 20-0161599 |

**STATEMENT OF CORPORATE OWNERSHIP PURSUANT TO RULES 1007(a)(1) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, and to enable the Judges to evaluate possible disqualification or recusal, the above-captioned debtor and debtor-in-possession (the "Debtor") hereby discloses that the following are corporations, other than the Debtor or a governmental unit, that directly or indirectly own ten percent (10%) or more of any class of the Debtor's equity interests:

Pernix Holdco 3, LLC
10 North Park Place
Suite 201
Morristown, NJ 07960

---

[1] The last four digits of the Debtor's federal tax identification number are 1599. The Debtor's corporate headquarters and its mailing address is 10 North Park Place, Suite 201, Morristown, NJ 07960.

{1228.001-W0053600.}

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Pernix Sleep, Inc. |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | |

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration    **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    02/18/2019         X  /s/ Jo W
                                  Signature of individual signing on behalf of debtor

                                  **John A. Sedor**
                                  Printed name

                                  **Authorized Person**
                                  Position or relationship to debtor

## Pernix Sleep, Inc.

### Authorization for Filing Voluntary Petition Under Chapter 11 of the Bankruptcy Code and Related Matters

The undersigned Director (the "Director") of Pernix Sleep, Inc., a Delaware corporation (the "Company") and a subsidiary of Pernix Therapeutics Holdings, Inc. (the "Parent"), hereby adopts the following resolutions (the "Resolutions"):

WHEREAS, a Special Meeting was held on February 18, 2019;

WHEREAS, the Director has considered the financial and operational conditions of the Company;

WHEREAS, the Director has reviewed, considered, and received the recommendation of senior management of the Company and the advice of the Company's professionals and advisors with respect to the strategic alternatives available to the Company, including the possibility of pursuing a restructuring or sale of the Company's business and assets under chapter 11 of title 11 of the United States Code (as amended or modified, the "Bankruptcy Code");

WHEREAS, the Parent intends to enter into that certain Senior Secured Superpriority Debtor-In-Possession Credit Agreement (the "DIP Credit Agreement"), by and among the Parent, as borrower, the lenders party thereto and Cantor Fitzgerald Securities, as administrative agent for the benefit of the lenders, in order to obtain financing in an aggregate principal amount of up to $35 million (the "DIP Facility"), the proceeds of which will be used, (i) to refinance the Parent's existing asset-based revolving credit facility, the Credit Agreement, dated as of July 21, 2017 (as amended, restated, supplemented or otherwise modified from time to time, the "Existing Credit Agreement"), by and among the Parent, the Company and certain other subsidiaries of the Parent, as borrowers, the lenders from time to time party thereto and Cantor Fitzgerald Securities, as administrative agent for the benefit of the Lenders, (ii) for general corporate and working capital purposes, and (iii) to pay fees, costs and expenses incurred in connection with the Parent's and its subsidiaries' chapter 11 cases and the DIP Facility;

WHEREAS, by the terms of the DIP Credit Agreement, the Company and certain other subsidiaries of the Parent (together with the Company, the "Subsidiary Guarantors"; the Subsidiary Guarantors together with the Parent, the "Loan Parties") are required to enter into the Guaranty and Security Agreement in order to (1) guarantee, on a joint and several basis, the Obligations (as defined in the DIP Credit Agreement) under the DIP Credit Agreement and the other Loan Documents (as defined in the DIP Credit Agreement) and (2) grant first priority priming liens and security interests in substantially all of their assets and personal property, whether now owned or hereafter acquired, to secure the obligations of the Parent and the other Subsidiary Guarantors under the DIP Credit Agreement and the other Loan Documents and to provide superpriority claim status with respect thereto;

WHEREAS, the Director has been advised of the material terms of the DIP Credit Agreement and the other Loan Documents, has given full consideration to the transactions contemplated by the DIP Credit Agreement and the other Loan Documents, and has determined

that the transactions contemplated by the DIP Credit Agreement and the other Loan Documents are in the best interest of the Company and that it is in the best interest of the Company to (i) enter into the Guaranty and Security Agreement (the "Guaranty and Security Agreement"), in order to guaranty the obligations under the DIP Credit Agreement and the other Loan Documents and to pledge a security interest in substantially all of the Company's assets and personal property, whether now owned or hereafter acquired, to secure the Secured Obligations (as defined in the Guaranty and Security Agreement) of the Parent and the other Subsidiary Guarantors, (ii) execute and deliver any mortgage, deeds of trust, security agreements, pledge agreements, guarantee agreements, control agreements, intellectual property security agreements, Uniform Commercial Code financing statements (and any amendment or continuation statements thereto), subordination agreements, notes, stock powers, stock powers, transfers of interest or other transfer powers (as applicable), other collateral documents, reaffirmation agreements, forbearance agreements, intercompany notes and such other agreements, instruments, documents or certificates otherwise identified in or contemplated by the DIP Credit Agreement or Guaranty and Collateral Agreement (collectively, the "DIP Transaction Documents") and (iii) authorize the Authorized Persons (as defined below) to take any and all actions as they may deem appropriate to effectuate the transactions contemplated by the DIP Credit Agreement, the Guaranty and Security Agreement and each of the other Loan Documents;

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that after consideration of the alternatives presented to it and the recommendations of senior management of the Company and the advice of the Company's professionals and advisors, the Director has determined in its business judgment that it is in the best interests of the Company, its creditors, employees, other interested parties, and stakeholders that a voluntary petition be filed by the Company under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware and the filing of such petition is authorized hereby; and it is further

**RESOLVED**, that the Director and any officer of the Company (collectively, the "Authorized Persons") hereby are, and each of them is, authorized and empowered to (a) execute, verify and file on behalf of the Company all documents necessary or appropriate in connection with the filing of said bankruptcy petition, including, without limitation, all petitions, affidavits, declarations, schedules, statements of financial affairs, lists, motions, applications, pleadings, and other papers or documents in connection with such chapter 11 petition; (b) take and perform any and all actions deemed necessary and proper to obtain such relief as authorized herein and in connection with the Company's chapter 11 case; (c) appear as necessary at all bankruptcy proceedings on behalf of the Company; and (d) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the Resolutions adopted herein; and it is further

**RESOLVED,** that the Company be, and it hereby is, authorized and empowered to enter into the Guaranty and Security Agreement and the other DIP Transaction Documents to which it is a party; and the Authorized Persons are, and each of them is, authorized and empowered to enter into each of the Guaranty and Security Agreement and the other DIP Transaction Documents to which it is a party and to consummate all the other transactions contemplated by such DIP Transaction Documents, including, without limitation, to guarantee the obligations of the Loan Parties under the DIP Credit Agreement, the Guaranty and Security Agreement and the other Loan Documents, and to grant superpriority status and first priority priming liens and

security interests in, and to pledge, mortgage or grant deeds of trust with respect to, its right, title and interest in and to its properties and assets, whether now owned or hereafter acquired, to the extent required to secure the obligations of the Loan Parties under the DIP Credit Agreement, the Guaranty and Security Agreement and the other Loan Documents; and it is further

**RESOLVED,** that each of the Authorized Persons be, and each of them hereby is, authorized to negotiate, execute and deliver the Guaranty and Security Agreement and the other DIP Transaction Documents to which the Company is a party in the name and on behalf of the Company in the form and upon the terms and conditions as any Authorized Person may approve (such approval to be conclusively established by such Authorized Person's execution and delivery thereof), and to perform the Company's obligations thereunder, including the payment of any fees and expenses related thereto, and to take all actions in accordance therewith that any such Authorized Person may deem necessary or advisable to consummate the transactions contemplated thereby, and the actions of such Authorized Person in negotiating the terms of, and in executing and delivering the Guaranty and Security Agreement and the other DIP Transaction Documents, and any other action taken in connection therewith, on behalf of the Company be, and the same hereby are, ratified, confirmed, approved and adopted; and it is further

**RESOLVED**, that the filing of Uniform Commercial Code financing statements, and any amendments and continuation statements thereto, and any other filings, recordations, or registrations of any DIP Transaction Documents or any other document, agreement, certificate or instrument in any jurisdictions or with any filing offices as contemplated by or specified in the relevant Transaction Documents or as otherwise advisable, is hereby authorized in such form as any Authorized Person shall approve; and it is further

**RESOLVED,** that any Authorized Person be, and each of them hereby is, authorized and empowered in the name and on behalf of the Company to execute and deliver any officer's, secretary's or similar certificate on behalf of the Company in connection with the DIP Credit Agreement, the Guaranty and Security Agreement or any of the other DIP Transaction Documents or any amendment to which it is a party and the transactions contemplated therein, with such changes as such Authorized Person executing the same may approve, such approval to be conclusively evidenced by the execution and delivery thereof; and it is further

**RESOLVED,** that the Asset Purchase Agreement between the Company and Phoenix Top Holdings LLC (the "Purchase Agreement"), shall be entered into by the Company; and the Authorized Persons are, and each of them hereby is, authorized and directed to enter into the Purchase Agreement and each of the ancillary documents to be entered into in connection therewith (the "Transaction Documents"), and to perform the transactions and obligations contemplated by the Purchase Agreement and the Transaction Documents, subject to bankruptcy court approval in the Company's chapter 11 case; and it is further

**RESOLVED,** that the retention of Davis Polk & Wardwell LLP pursuant to the June 2, 2016 retention agreement and the execution of any retention agreements, the payment of any retainers, fees or expenses, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Persons are, and each of them hereby is, authorized and directed to immediately upon and after the filing of the bankruptcy case execute and cause to be filed an application for

authority to retain Davis Polk & Wardwell LLP as the Company's bankruptcy counsel; and it is further

**RESOLVED**, that the retention of Landis Rath & Cobb LLP pursuant to the November 20, 2018 retention agreement and the execution of any retention agreements, the payment of any retainers, fees or expenses, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Persons are, and each of them hereby is, authorized and directed to immediately upon and after the filing of the bankruptcy case execute and cause to be filed an application for authority to retain Landis Rath & Cobb LLP as the Company's Delaware bankruptcy counsel; and it is further

**RESOLVED**, that the retention of Guggenheim Partners, LLC pursuant to the November 2, 2018 retention agreement and the execution of any retention agreements, the payment of any retainers, fees or expenses, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Persons are, and each of them hereby is, authorized and directed to immediately upon and after the filing of the bankruptcy case execute and cause to be filed an application for authority to retain Guggenheim Partners, LLC as the Company's investment banker; and it is further

**RESOLVED**, that the retention of Ernst & Young LLP pursuant to the November 2, 2018 retention agreement and the execution of any retention agreements, the payment of any retainers, fees or expenses, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Persons are, and each of them hereby is, authorized and directed to immediately upon and after the filing of the bankruptcy case execute and cause to be filed an application for authority to retain Ernst & Young LLP as the Company's financial advisor; and it is further

**RESOLVED**, that the retention of Prime Clerk LLC pursuant to the January 24, 2019 retention agreement and the execution of any retention agreements, the payment of any retainers, fees or expenses, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Persons are, and each of them hereby is, authorized and directed to immediately upon and after the filing of the bankruptcy case execute and cause to be filed an application for authority to retain Prime Clerk LLC as the Company's notice and claims agent; and it is further

**RESOLVED**, that all instruments, agreements, certificates, consents, notices, waivers or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by the Authorized Persons in connection with the chapter 11 case, the DIP Credit Agreement, the Guaranty and Security Agreement, the DIP Transaction Documents, the Purchase Agreement, the Transaction Documents, or any further action to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company; and it is further

5

**RESOLVED**, that the authority conferred upon any Authorized Person by this Written Consent is in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing Resolutions, and that the omission from this Written Consent of any agreement or other arrangement contemplated by any of the agreements, instruments or documents described in the foregoing Resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments or documents described in the foregoing Resolutions shall in no manner derogate from the authority of any such Authorized Person to take any and all actions convenient, necessary, advisable or appropriate to consummate, effectuate, carry out, perform or further the transactions contemplated by and the intents and purposes of the foregoing Resolutions; and it is further

**RESOLVED**, that any and all acts, actions and transactions heretofore taken by the Authorized Persons or the Director in the name of and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing Resolutions, be, and hereby are, ratified, confirmed, approved and approved in all respects, and as acts, actions and transactions on behalf of the Company.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

**IN WITNESS WHEREOF**, the undersigned has executed this resolution as of the date first written above.

_____
John A. Sedor, Director