## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERNIX SLEEP, INC., *et al.*[1] | Case No. 19-10323 (CSS) |
| Debtors. | Jointly Administered |
| | Ref. Nos. 339, 340, 341, 376, 378, 379 & 380 |

## ORDER (I) APPROVING THE FIRST AMENDED DISCLOSURE STATEMENT ON AN INTERIM BASIS; (II) SCHEDULING A COMBINED HEARING ON FINAL APPROVAL OF THE FIRST AMENDED DISCLOSURE STATEMENT AND FIRST AMENDED PLAN CONFIRMATION AND DEADLINES RELATED THERETO; (III) APPROVING THE SOLICITATION, NOTICE AND TABULATION PROCEDURES AND THE FORMS RELATED THERETO; AND (IV) GRANTING RELATED RELIEF

Upon the *Motion of Debtors for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief* (the "Motion"), the *First Amended Joint Plan of Liquidation of Pernix Sleep, Inc. and Its Affiliated Debtors and Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 378] (the "First Amended Plan") and the *First Amended Disclosure Statement for the Joint Plan of Pernix Sleep, Inc. and Its Affiliated Debtors and Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. 379] (the "First Amended

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, are: Pernix Therapeutics Holdings, Inc. (4736), Pernix Therapeutics, LLC (1128), Pernix Manufacturing, LLC (1236), Pernix Sleep, Inc. (1599), Cypress Pharmaceuticals, Inc. (1860), Hawthorn Pharmaceuticals, Inc. (2769), Macoven Pharmaceuticals, L.L.C. (4549), Gaine, Inc. (3864), Respicopea, Inc. (1303), Pernix Ireland Limited (3106PH), Pernix Ireland Pain Designated Activity Company (0190LH), Pernix Holdco 1, LLC (N/A), Pernix Holdco 2, LLC (N/A), Pernix Holdco 3, LLC (N/A). The Debtors' corporate headquarters and the mailing address is 10 North Park Place, Suite 201, Morristown, NJ 07960.

Disclosure Statement");[2] and based on the record in these Chapter 11 Cases; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that sufficient notice of the Motion has been given; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors and other parties-in-interest; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at the hearing before the Court on this Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY FOUND THAT:

A.     The Debtors have all necessary authority to propose and prosecute the First Amended Plan and the First Amended Disclosure Statement.

B.     The Debtors have provided adequate notice of the Motion, and the time fixed for filing objections thereto, and no other or further notice need be provided with respect to the Motion.

C.     The period, set forth below, during which the Debtors may solicit the First Amended Plan is a reasonable and adequate period of time under the circumstances for creditors

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion, First Amended Plan or First Amended Disclosure Statement, as applicable.

entitled to vote to make an informed decision to accept or reject the First Amended Plan, including to make an informed decision to object to the First Amended Plan.

D.       The procedures for solicitation and tabulation of votes to accept or reject the First Amended Plan (as more fully set out in the Motion and in this Order in **Exhibit 1** attached hereto) (the "Solicitation Procedures") provide for a fair and equitable process, and are consistent with the Bankruptcy Code section 1126.

E.       The notices substantially in the forms attached hereto as **Exhibit 2** (the "Confirmation Hearing Notice"), **Exhibit 3** (the "Non-Voting Status - Deemed to Accept Notice") and **Exhibit 4** (the "Non-Voting Status - Deemed to Reject Notice" and together with the Confirmation Hearing Notice, and the Non-Voting Status – Deemed to Accept Notice, the "Notices"), and the procedures set forth below for providing such notices to creditors of the time, date and place of the hearing to consider final approval of the First Amended Disclosure Statement and confirmation of the First Amended Plan (the "Confirmation Hearing"), and the contents of the Notices comply with Bankruptcy Rules 2002, 3017 and Local Rule 3017-2 and constitute sufficient notice to all interested parties.

F.       The forms of the Ballot attached hereto as **Exhibits 5, 6, 7, & 8** are sufficiently consistent with Official Form No. 314, adequately address the particular needs of these Chapter 11 Cases, and are appropriate for the Voting Classes to vote to accept or reject the First Amended Plan.

NOW THEREFOR, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.       The Motion is GRANTED as set forth herein.

2.       The First Amended Disclosure Statement is approved on an interim basis under Bankruptcy Code section 1125, Bankruptcy Rule 3017 and Local Rule 3017-2.  Any objections

to the adequacy of the information contained in the First Amended Disclosure Statement are expressly reserved for consideration at the Confirmation Hearing.

3. The Confirmation Schedule is approved in its entirety unless otherwise modified herein.

4. The combined hearing on final approval of the adequacy of the First Amended Disclosure Statement and confirmation of the First Amended Plan is scheduled for **June 2𝒪, 2019 at 2:00 p.m. (prevailing Eastern Time)** (the "Confirmation Hearing"). The deadline to file objections to the adequacy of the First Amended Disclosure Statement and confirmation of the Plan is **June 13, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline"). The Confirmation Hearing may be continued from time to time by the Court or the Debtors, after consultation with counsel to the Committee and Highbridge, without further notice other than adjournments announced in open court.

5. Objections to the adequacy of the First Amended Disclosure Statement and confirmation of the First Amended Plan, if any, must:

    a. be in writing;

    b. conform to the Bankruptcy Rules and Local Rules;

    c. state the name and address of the objecting party and the amount and nature of the Claim of such entity;

    d. state with particularity the basis and nature of any objection to the First Amended Disclosure Statement, the First Amended Plan and, if practicable, a proposed modification to the First Amended Plan that would resolve such objection; and

    e. be filed, together with a proof of service, with the Court and served so that they are **actually received** by the following parties **on or prior to the Objection Deadline**: (i) co-counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn:

Eli J. Vonnegut and Christopher S. Robertson, and (ii) Delaware counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis and Kerri K. Mumford; (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin Hackman; (iv) co-counsel to the Committee, (a) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, New York 10036, Attn: Arik Preis and Gary Ritacco and (b) Potter Anderson & Corroon LLP, 1313 North Market Street, Sixth Floor, Wilmington, Delaware 19801, Attn: Jeremy W. Ryan and R. Stephen McNeill; and (v) counsel to Highbridge, (a) Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036, Attn: Evan A. Hill and Lisa Laukitis and (b) Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street, Wilmington Delaware 19801, Attn: Cameron M. Fee.

6.      The deadline to file supplements to the First Amended Plan shall be ~~6/3~~ 6/4, **2019 at 11:59 p.m. (prevailing Eastern Time)**.

7.      The Solicitation Procedures set forth in **<u>Exhibit 1</u>** attached hereto are hereby approved in their entirety, provided that the Debtors reserve the right, after consultation with Highbridge and the Committee, to amend or supplement the Solicitation Procedures and related documents to better facilitate the confirmation process.

8.      The Solicitation Procedures for service of the Solicitation Package (defined below) and the Notices set forth in the Motion satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

9.      The Confirmation Hearing Notice, in substantially the form attached hereto as **<u>Exhibit 2</u>**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d) and 3017(d) and Local Rule 3017-2 and is approved in all respects. The Confirmation Hearing Notice shall

be served upon the Debtors' creditors and all parties requesting notice pursuant to Bankruptcy Rule 2002 within four (4) days of the entry of this Order.

10.    The Non-Voting Status Notices, substantially in the forms attached hereto as **Exhibits 3 and 4**, are hereby approved in all respects.  The Non-Voting Status - Deemed to Accept Notice shall be served upon all holders of Claims in Classes 1 and 2 within four (4) days of the entry of this Order.  The Non-Voting Status - Deemed to Reject Notice shall be served upon all holders of Claims and Interests in Classes 9, 10 and 11 within four (4) days of the entry of this Order.

11.    The Debtors shall transmit a package (the "Solicitation Package") containing, (a) a cover letter describing the contents of the Solicitation Package, (b) the First Amended Disclosure Statement, the First Amended Plan and all exhibits thereto (on a disk or flash drive in PDF format), (c) this Order (on a disk or flash drive in PDF format), (d) the Confirmation Hearing Notice, (e) the Ballot, including voting instructions, and (f) a pre-addressed stamped return envelope to holders of Claims in the Voting Classes within four (4) days following entry of this Order.

12.    As part of the Solicitation Package, the Debtors shall distribute to creditors entitled to vote on the First Amended Plan the applicable Ballot based on Official Form No. 314, modified to address the particular circumstances of these Chapter 11 Cases and to include certain additional information that the Debtors believe to be relevant and appropriate for the Voting Classes to vote to accept or reject the First Amended Plan.  The forms of Ballot attached hereto as **Exhibits 5, 6, 7 & 8** are hereby approved.

13.    The deadline to submit Ballots to accept or reject the First Amended Plan shall be June 13, 2019 at 11:59 p.m. (prevailing Eastern Time) (the "Voting Deadline").

14.     Ballots shall be transmitted by mail, as part of the Solicitation Package, to the record holders of claims in the Voting Classes.  All other holders of Claims and Interests will not be provided with a Ballot because such holders are either unimpaired and presumed to accept the First Amended Plan under Bankruptcy Code section 1126(f) or impaired and deemed to reject the Plan under Bankruptcy Code section 1126(g).  Such non-voting holders will receive a copy of the Confirmation Hearing Notice and the applicable Non-Voting Status Notice.

15.     The procedures set forth in the Motion for effectively casting a Ballot are hereby approved in their entirety.  In order to cast a Ballot, parties must (i) fully complete and execute the Ballot and return it by first-class mail, over-night courier or hand-delivery to Prime Clerk at the address set forth in the Ballot or (ii) submit it via electronic online transmission through a customized online balloting portal on the Debtors' case website, https://cases.primeclerk.com/pernix,[3] on or before the date that is seven (7) days prior to the Confirmation Hearing.

16.     Ballots otherwise sent by facsimile, telecopy, or electronic submissions other than as set forth in the Ballot will **not** be accepted.  Only properly completed, executed and timely submitted Ballots will be accepted by the Debtors.

17.     The following Ballots shall not be counted in tabulating votes cast to accept or reject the First Amended Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot submitted by a party that does not hold a Claim in a Class that is entitled to vote; (c) any unsigned Ballot; and (d) any Ballot not marked to either accept or reject the First Amended Plan, as applicable.

---

[3] The encrypted Ballot data and audit trail created by such electronic submissions shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be an original signature immediately legally valid and effective.

18.     The record date for determining which holders of Claims are to be served with the Solicitation Package and the Notices shall be the date on which this Order is entered (the "Record Date").

19.     Unless otherwise set forth herein, the Debtors shall mail only the Confirmation Hearing Notice to parties requesting notice pursuant to Bankruptcy Rule 2002. The First Amended Plan, First Amended Disclosure Statement and Confirmation Hearing Notice shall be served on all government entities identified in these Chapter 11 Cases. The Debtors also will mail, or cause to be mailed, the Confirmation Hearing Notice and the applicable Non-Voting Status Notice to all known holders of Claims and Interests in Classes that are not entitled to vote on the First Amended Plan. The Debtors are authorized to provide in the Confirmation Hearing Notice directions for such parties to obtain (i) electronic copies of the Plan Documents via download from the website maintained by Prime Clerk and (ii) a print copy of the Plan Documents free of charge to the requesting party (but only to the extent so requested of Prime Clerk by telephone, letter or email) to be delivered by Prime Clerk to the requesting party by first-class mail.

20.     The Debtors are authorized, after consultation with Highbridge and the Committee, to make changes to the First Amended Disclosure Statement, First Amended Plan, Solicitation Procedures, Notices, Ballots and related pleadings without further order of the Court, including without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the foregoing documents before their distribution.

21.     Notwithstanding anything in the First Amended Plan or this Order to the contrary, the Cigna Contracts (as defined in the *Objection of Cigna Entities to Disclosure Statement for the Joint Plan of Pernix Sleep, Inc. and Its Affiliated Debtors-in-Possession Pursuant to Chapter*

*11 of the Bankruptcy Code* [D.I. 353] (the "Cigna Objection")), shall not be assumed or rejected under the First Amended Plan, but shall be deemed validly terminated effective as of 12:01 a.m., June 1, 2019.  To the extent that the Effective Date precedes May 31, 2019, the Cigna Contracts shall be deemed to have passed through confirmation of the First Amended Plan.  This resolves the Cigna Objection.

22.    The Debtors and Prime Clerk are hereby authorized to take any action necessary or appropriate to implement the terms of, and the relief granted in, this Order without seeking further order of the Court.

23.    The terms and conditions of this Order shall be immediately effective and enforceable upon entry of this order.

24.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

Date: May 6, 2019
     Wilmington, Delaware

                                                                       _____
                                                  The Honorable Christopher S. Sontchi
                                                  Chief United States Bankruptcy Judge

# **EXHIBIT 1**

{1228.002-W0055504.2}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERNIX SLEEP, INC., *et al.*[1] | Case No. 19-10323 (CSS) |
| Debtors. | Jointly Administered |

## SOLICITATION PROCEDURES

On May 6, 2019, the above-captioned debtors and debtors in possession (the "Debtors") filed: (a) the *First Amended Disclosure Statement for the Joint Plan of Pernix Sleep, Inc. and Its Affiliated Debtors and Affiliated Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. ___] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"); (b) the *First Amended Joint Chapter 11 Plan of Liquidation of Pernix Sleep, Inc. and Its Affiliated Debtors and Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. __] (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "Plan"); and (c) the *Motion of Debtors for Entry of an Order (I) Approving the Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the Disclosure Statement and Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief* (the "Motion").[2]

### Definitions

a.  **"Ballot"** means the ballot accompanying the Disclosure Statement upon which certain holders of Impaired Claims entitled to vote shall, among other things, indicate their acceptance or rejection of the Plan in accordance with the Plan and the procedures governing the solicitation process, and which must be actually received on or before the Voting Deadline.

b.  **"Bankruptcy Court"** means the United States Bankruptcy Court for the District of Delaware having jurisdiction over these Chapter 11 Cases.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, are: Pernix Therapeutics Holdings, Inc. (4736), Pernix Therapeutics, LLC (1128), Pernix Manufacturing, LLC (1236), Pernix Sleep, Inc. (1599), Cypress Pharmaceuticals, Inc. (1860), Hawthorn Pharmaceuticals, Inc. (2769), Macoven Pharmaceuticals, L.L.C. (4549), Gaine, Inc. (3864), Respicopea, Inc. (1303), Pernix Ireland Limited (3106PH), Pernix Ireland Pain Designated Activity Company (0190LH), Pernix Holdco 1, LLC (N/A), Pernix Holdco 2, LLC (N/A), Pernix Holdco 3, LLC (N/A). The Debtors' corporate headquarters and the mailing address is 10 North Park Place, Suite 201, Morristown, NJ 07960.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion, the Plan or the Disclosure Statement, as applicable.

c.      **"Confirmation Hearing"** means the hearing conducted by the Bankruptcy Court pursuant to Bankruptcy Code section 1128(a) to consider confirmation of the Plan, as such hearing may be adjourned or continued from time to time and which currently is scheduled for June __, 2019 at __:__ _.m. (prevailing Eastern Time).

d.      **"Confirmation Hearing Notice"** means that certain notice of the hearing on final approval of the Disclosure Statement and confirmation of the Plan approved by the Bankruptcy Court in the Interim Approval and Procedures Order.

e.      **"Disclosure Statement"** means the Disclosure Statement filed on May 6, 2019 and approved on an interim basis by the Bankruptcy Court in the Interim Approval and Procedures Order.

f.      **"Interim Approval and Procedures Order"** means the *Order (I) Approving the First Amended Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the First Amended Disclosure Statement and First Amended Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation, Notice and Tabulation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief* [D.I. __].

g.      **"General Tabulation Procedures"** means the Procedures set forth herein for the purposes of tabulating votes to accept or reject the Plan.

h.      **"Non-Voting Status Notice-Deemed to Reject"** means the notice the holders of Claims and Interests in Classes 9, 10 and 11 who are deemed to reject the Plan will receive in lieu of a Ballot.

i.      **"Non-Voting Status Notice-Deemed to Accept"** means the notice of non-voting status that the holders of Claims in Classes 1 and 2 who are deemed to accept the Plan will receive in lieu of a Ballot.

j.      **"Plan"** means the *First Amended Joint Chapter 11 Plan of Liquidation of Pernix Sleep, Inc. and Its Affiliated Debtors and Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* [D.I. __], as may be amended or modified from time to time, filed on May 6, 2019.

k.      **"Objection Deadline"** means **June __, 2019, at 4:00 p.m. (prevailing Eastern Time)**, the date set by the Bankruptcy Court as the deadline to file and serve objections to the Plan.

l.      **"Resolution Event"** has the meaning set forth in section D.4. of the Solicitation Procedures.

m.      **"Solicitation Package"** consists of the documents set forth in section C.1. of the Solicitation Procedures.

n.      **"Solicitation Procedures"** means the procedures set forth herein.

o.    **"Prime Clerk"** means Prime Clerk LLC the noticing, claims and administrative agent retained by the Debtors in these Chapter 11 Cases.

p.    **"Voting Deadline"** means **June __, 2019 at 11:59 p.m. (prevailing Eastern Time)**, the date set by the Bankruptcy Court as the deadline for receipt of Ballots by Prime Clerk.

q.    **"Record Date"** has the meaning set forth in section A of the Solicitation Procedures.

## Solicitation Procedures

**A.    The Record Date**

The Bankruptcy Court has approved _____, 2019, at 4:00 p.m. prevailing Eastern Time, as the record date (the "Record Date") for purposes of determining, among other things, which holders of Claims are entitled to vote on the Plan.

**B.    The Voting Deadline**

The Bankruptcy Court has approved **June __, 2019, at 11:59 p.m.** (prevailing Eastern Time) as the deadline for the delivery of Ballots voting to accept or reject the Plan (the "Voting Deadline"). To be counted as votes to accept or reject the Plan, all Ballots must be properly executed, completed and delivered by (i) using the return envelope provided or by delivery by: (a) first class mail, (b) overnight courier or (c) personal delivery, or (ii) submitting it via electronic online transmission through a customized online balloting portal on the Debtors' case website, https://cases.primeclerk.com/pernix, so that the Ballot is actually received by Prime Clerk no later than the Voting Deadline. The Ballot will clearly indicate the appropriate return address and directions for electronic submission. Ballots returnable to Prime Clerk should be sent to: Pernix Sleep, Inc. Ballot Processing c/o Prime Clerk, LLC One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165.

**C.    Solicitation Procedures**

1.    **The Solicitation Package**:    The Solicitation Package shall contain copies of the following:

(a)  a cover letter describing the contents of the Solicitation Package;

(b)  the Disclosure Statement, the Plan and all exhibits thereto (on a disk or flash drive in PDF format);

(c)  the Interim Approval and Procedures Order (on a disk or flash drive in PDF format);

(d)  the Confirmation Hearing Notice;

(e)  the Ballot, including voting instructions;

(f) a pre-addressed stamped return envelope; and

(g) such other materials as the Court may direct or authorize.

2. **Distribution of the Solicitation Package**:  The Solicitation Package shall be served on all known holders of Claims classified as Class 5 (Prepetition Exchangeable Note Claims); Class 6 (General Unsecured Claims); Class 7 (Disputed Employee Litigation Claims); and Class 8 (Prepetition Treximet Highbridge Deficiency Claim) under the Plan.

The Debtors shall make every reasonable effort to ensure that holders of more than one Claim in the Voting Classes receive no more than one Solicitation Package on account of such Claims.

3. **Distribution of Materials**:  In addition, the Office of the United States Trustee and counsel to the Official Committee of Unsecured Creditors shall be served the Solicitation Package. The Debtors will mail, or cause to be mailed, a copy of the Confirmation Hearing Notice to all parties on the 2002 List.  The Debtors also will mail, or cause to be mailed, the Confirmation Hearing Notice and the applicable Non-Voting Status Notice to all known holders of Claims and Interests in Classes that are not entitled to vote on the Plan.

## D.    Voting and General Tabulation Procedures

1. **Who May Vote**:  Only the following holders of Claims in the Voting Classes are entitled to vote:

a. Holders of Claims for which Proofs of Claim have been timely-filed, as reflected on the claims register as of the Record Date; provided, however, that certain holders of Claims subject to a pending objection shall not be entitled to vote unless they become eligible to vote through a Resolution Event, as set forth in more detail in section D.4. herein;

b. Holders of Claims that are listed in the Debtors' Schedules and Statements, with the exception of those Claims that are scheduled as contingent, unliquidated or disputed (excluding such scheduled Claims that have been superseded by a timely-filed Proof of Claim);

c. Holders whose Claims arise pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Bankruptcy Court, in a final order of the Bankruptcy Court, or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court, in each case regardless of whether a Proof of Claim has been filed; and

d. The assignee of any transferred or assigned Claim, only if: (i) transfer or assignment has been fully effectuated pursuant to the procedures dictated by Bankruptcy Rule 3001(e) and (ii) such transfer is reflected on the Claims Register on or before the Record Date.

2. **Establishing Claim Amounts**: In tabulating votes, the following hierarchy will be used to determine the amount of the Claim associated with each vote:

    a. the amount of the Claim settled and/or agreed upon by the Debtors, as reflected in a Bankruptcy Court pleading, stipulation, agreement, or other document filed with the Bankruptcy Court, in a final order of the Bankruptcy Court or in a document executed by the Debtors pursuant to authority granted by the Bankruptcy Court;

    b. the amount of the Claim Allowed (temporarily or otherwise) pursuant to a Resolution Event in accordance with the Solicitation Procedures;

    c. the amount of the Claim contained in a Proof of Claim that has been timely filed by the applicable claims bar date (or deemed timely filed by the Bankruptcy Court under applicable law); provided that Ballots cast by holders whose Claims are not listed in the Schedules, but that timely file a Proof of Claim in an unliquidated or unknown amount that are not the subject of an objection, will count for satisfying the numerosity requirement of Bankruptcy Code section 1126(c) and will count as Ballots for Claims in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code; provided, further, that to the extent the amount of the Claim contained in the Proof of Claim is different from the amount of the Claim set forth in a document filed with the Bankruptcy Court as referenced in the Solicitation Procedures, the amount of the Claim in the document filed with the Bankruptcy Court will supersede the amount of the Claim set forth on the respective Proof of Claim;

    d. the amount of the Claim listed in the Schedules; provided, that such Claim is not listed in the Schedules as contingent, unliquidated or disputed, or any combination thereof, and has not been paid; and

    e. in the absence of any of the foregoing, zero.

The amount of the Claim established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim. Moreover, any amounts filled in on Ballots by the Debtors through Prime Clerk are not binding for any purpose, including for purposes of voting and distribution.

3. **General Ballot Tabulation**: The following voting procedures and standard assumptions will be used in tabulating Ballots:

    a. except as otherwise provided herein or unless waived by the Debtors, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Debtors shall reject such Ballot as invalid and, therefore, decline to count it in connection with Confirmation;

    b. Prime Clerk will date and time-stamp all Ballots when received. Prime Clerk shall retain all original Ballots and an electronic copy of the same for a period

of one (1) year after the Effective Date of the Plan, unless otherwise ordered by the Bankruptcy Court;

c. an original executed Ballot is required to be submitted by the entity submitting any written Ballot. Subject to the other procedures and requirements herein, completed, executed Ballots (except Beneficial Holders' Ballots and Master Ballots (as defined herein)) may be submitted via the online "E-Balloting" portal maintained by Prime Clerk at https://cases.primeclerk.com/pernix;

d. Ballots (with the exception of master ballots submitted by Nominees (as defined herein)) should not be returned by electronic mail or facsimile—any Ballots submitted by electronic mail or facsimile (with the exception of Master Ballots submitted by Nominees) will not be valid;

e. the Debtors shall file the Voting Report at least one (1) business day prior to the Confirmation Hearing. The Voting Report shall, among other things, delineate every irregular Ballot including, without limitation, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or necessary information, received via facsimile or electronic mail, or damaged. The Voting Report shall indicate the Debtors' intentions with regard to such irregular Ballots;

f. the method of delivery of Ballots to Prime Clerk is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when Prime Clerk actually receives the originally executed Ballot;

g. no Ballot should be sent to any of the Debtors, the Debtors' agents (other than Prime Clerk), or the Debtors' financial or legal advisors and if so sent will not be counted;

h. if multiple Ballots are received from the same holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last valid Ballot received prior to the Voting Deadline will supersede and revoke any prior dated Ballot;

i. holders must vote all of their Claims within each Voting Class either to accept or reject the Plan and may not split any such votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a holder has multiple Claims within a Voting Class, the Debtors may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes;

j. a person signing or electronically submitting a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity must indicate such capacity when signing and, if required or requested, submit proper evidence to the requesting party of the authority to so act on behalf of the subject holder;

k.  the Debtors, subject to contrary order of the Bankruptcy Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers shall be documented in the Voting Report;

l.  neither the Debtors, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

m.  unless waived by the Debtors, subject to contrary order of the Bankruptcy Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

n.  in the event a designation for lack of good faith is requested by a party in interest under Bankruptcy Code section 1126(e), the Bankruptcy Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected by such Claim;

o.  subject to any contrary order of the Bankruptcy Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided, however, that any such rejections shall be documented in the Voting Report;

p.  if a Claim has been estimated or otherwise Allowed for voting purposes by an order of the Bankruptcy Court pursuant to Bankruptcy Rule 3018(a), such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Bankruptcy Court for voting purposes only and not for purposes of allowance or distribution;

q.  if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein; and

r.  the following Ballots shall not be counted in determining the acceptance or rejection of the Plan:  (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by an entity that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unexecuted Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; or (e) any Ballot submitted by any entity not entitled to vote pursuant to the Solicitation Procedures.

4.  **Master Ballot Voting and Tabulation Procedures**: In addition to the foregoing generally applicable voting and ballot tabulation procedures, the following procedures

shall apply to beneficial holders of Claims in Class 5 (the "Beneficial Holders") who hold and therefore will vote their position through a nominee (a "Nominee"):

    a. Prime Clerk shall distribute or cause to be distributed to the Nominees the appropriate number of (i) Solicitation Packages for each Beneficial Holder represented by the Nominee as of the Record Date, which will contain copies of Ballots to each Beneficial Holder (a "Beneficial Holder Ballot"), and (ii) a master ballot (the "Master Ballot");

    b. each Nominee shall immediately, and in any event within five (5) business days after its receipt of the Solicitation Package commence the solicitation of votes from its Beneficial Holder clients through one (1) of the following methods:

        i. distribute to each Beneficial Holder the Solicitation Package along with a Beneficial Holder Ballot, voting information form ("VIF"), and/or other customary communication used to collect voting information from its Beneficial Holder clients along with instructions to the Beneficial Holder to return its vote to the Nominee in a timely fashion; or

        ii. distribute to each Beneficial Holder the Solicitation Package along with a "pre-validated" Ballot signed by the Nominee and including the Nominee's DTC participant number, the Beneficial Holder's account number, and the number of interests held by the Nominee for such Beneficial Holder with instructions to the Beneficial Holder to return its pre-validated Beneficial Holder Ballot to Prime Clerk in a timely fashion;

    c. each Nominee shall compile and validate the votes and other relevant information of all such Beneficial Holders on the Master Ballot; and transmit the Master Ballot to Prime Clerk on or before the Voting Deadline;

    d. Nominees that submit Master Ballots must keep the original Beneficial Holder Ballots, VIFs, or other communication used by the Beneficial Holder to transmit its vote for a period of one (1) year after the Effective Date of the Plan;

    e. Nominees that pre-validate Beneficial Holder Ballots must keep a list of Beneficial Holders for whom they pre-validated a Ballot along with copies of the pre-validated Ballots for a period of one (1) year after the Effective Date of the Plan;

    f. Prime Clerk will not count votes of Beneficial Holders unless and until they are included on a valid and timely Master Ballot or a valid and timely "pre-validated" Beneficial Holder Ballot;

    g. votes cast by Beneficial Holders through Nominees will be applied to the applicable positions held by such Nominees in the applicable Voting Class, as of the Record Date, as evidenced by the record and depository listings. Votes

submitted by a Nominee pursuant to a Master Ballot will not be counted in excess of the amount of such interests held by such Nominee as of the Record Date;

h.  if conflicting votes or "over-votes" are submitted by a Nominee pursuant to a Master Ballot, Prime Clerk will use reasonable efforts to reconcile discrepancies with the Nominees. If over-votes on a Master Ballot are not reconciled prior to the preparation of the Voting Report, the Debtors shall apply the votes to accept and to reject the Plan in the same proportion as the votes to accept and to reject the Plan submitted on the Master Ballot that contained the over-vote, but only to the extent of the Nominee's position in the applicable Voting Class;

i.  a single Nominee may complete and deliver to Prime Clerk multiple Master Ballots. Votes reflected on multiple Master Ballots will be counted, except to the extent that they are duplicative of other Master Ballots. If two or more Master Ballots submitted by a single Nominee are inconsistent, the latest received valid Master Ballot received prior to the Voting Deadline will, to the extent of such inconsistency, supersede and revoke any prior received Master Ballot. Likewise, if a Beneficial Holder submits more than one Beneficial Holder Ballot to its Nominee, (i) the latest received Beneficial Holder Ballot received before the submission deadline imposed by the Nominee shall be deemed to supersede any prior Beneficial Holder Ballot submitted by the Beneficial Holder, and (ii) the Nominee shall complete the Master Ballot accordingly;

j.  the Debtors will, upon written request, reimburse Nominees for customary mailing and handling expenses incurred by them in forwarding the Beneficial Holder Ballot and other enclosed materials to the Beneficial Holders for which they are the Nominee. No fees or commissions or other remuneration will be payable to any broker, dealer, or other person for soliciting Beneficial Holder Ballot with respect to the Plan; and

k.  Nominees are also permitted to return Master Ballot to Prime Clerk via email.

5.  **Temporary Allowance of Claims for Voting Purposes**: If a holder of a Claim is subject to a pending objection as of the Record Date, the holder of such Claim cannot vote unless one or more of the following events have taken place at least five (5) business days before the Voting Deadline (each, a "<u>Resolution Event</u>"):

a.  an order of the Bankruptcy Court is entered allowing such Claim pursuant to Bankruptcy Code section 502(b), after notice and a hearing;

b.  an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

c. a stipulation or other agreement is executed between the holder of such Claim and the Debtors resolving the objection and allowing such Claim in an agreed upon amount;

d. a stipulation or other agreement is executed between the holder of such Claim and the Debtors temporarily allowing the holder of such Claim to vote its Claim in an agreed upon amount; or

e. the pending objection to such Claim is voluntarily withdrawn by the Debtors.

No later than two (2) business days after a Resolution Event, Prime Clerk shall distribute a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant holder of such temporarily allowed Claim that has been allowed for voting purposes only (or for other purposes as set forth in an applicable order of the Bankruptcy Court) by such Resolution Event, which must be returned according to the instructions on the Ballot by no later than the Voting Deadline.

If the holder of a Claim receives a Solicitation Package and the Debtors object to such Claim after the Record Date, but at least fifteen (15) days prior to the Confirmation Hearing, the Debtors' notice of objection will inform such holder of the rules applicable to Claims subject to a pending objection and the procedures for temporary allowance for voting purposes. Furthermore, if the holder of a Claim receives a Solicitation Package and the Debtors object to such Claim less than fifteen (15) days prior to the Confirmation Hearing, the holder's Claim shall be deemed temporarily allowed for voting purposes only without further action by the holder of such Claim and without further order of the Bankruptcy Court.

6. **Forms of Notices to Unimpaired Classes**: Certain holders of Claims that are not entitled to vote because they are unimpaired are otherwise presumed to accept the Plan under Bankruptcy Code section 1126(f) and will receive the Notice of Non-Voting Status – Deemed to Accept, substantially in the form attached to the Interim Approval and Procedures Order as **Exhibit 3**. Such notice will instruct the holders how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

7. **Forms of Notices to Impaired Classes**: Certain holders of Claims or Interests that are not entitled to vote because they are Impaired, or are otherwise deemed to reject the Plan under Bankruptcy Code section 1126(g) will receive only the Notice of Non-Voting Status – Deemed to Reject, substantially in the form attached to the Interim Approval and Procedures Order as **Exhibit 4**. Such notice will instruct the holders how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

E. **Release, Exculpation and Injunction Language in the Plan**

THE RELEASE, EXCULPATION AND INJUNCTION LANGUAGE IN ARTICLE VIII OF THE PLAN WILL BE INCLUDED IN THE DISCLOSURE STATEMENT AND FURTHER NOTICE IS PROVIDED WITH RESPECT TO SUCH PROVISIONS IN THE CONFIRMATION HEARING NOTICE.

**F.**      **Amendments to the Plan and the Solicitation Procedures**

THE DEBTORS EXPRESSLY RESERVE THE RIGHT TO AMEND FROM TIME TO TIME THE TERMS OF THE PLAN IN ACCORDANCE WITH THE TERMS THEREOF (SUBJECT TO COMPLIANCE WITH THE REQUIREMENTS OF BANKRUPTCY CODE SECTION 1127 AND THE TERMS OF THE PLAN REGARDING MODIFICATION).

THE DEBTORS EXPRESSLY RESERVE THE RIGHT TO AMEND OR SUPPLEMENT THE SOLICITATION PROCEDURES TO BETTER FACILITATE THE SOLICITATION PROCESS.

***

# **EXHIBIT 2**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PERNIX SLEEP, INC., *et al.*[1] | Case No. 19-10323 (CSS) |
| Debtors. | Jointly Administered |

**NOTICE OF (A) INTERIM APPROVAL OF THE FIRST AMENDED DISCLOSURE
STATEMENT AND (B) COMBINED HEARING TO CONSIDER FINAL APPROVAL
OF THE FIRST AMENDED DISCLOSURE STATEMENT AND
CONFIRMATION OF THE FIRST AMENDED PLAN AND
THE OBJECTION DEADLINE RELATED THERETO**

**TO ALL PARTIES IN INTEREST, PLEASE TAKE NOTICE THAT:**

1.     **Filing of the Disclosure Statement and Plan.** On May 6, 2019, the above-captioned debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") filed the *First Amended Disclosure Statement for the Joint Plan of Pernix Sleep, Inc. and Its Affiliated Debtors and Affiliated Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019, [D.I. ___] (as amended from time to time and including all exhibits and supplements thereto, the "<u>Disclosure Statement</u>") and the *First Amended Joint Chapter 11 Plan of Liquidation of Pernix Sleep, Inc. and Its Affiliated Debtors and Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. ___] (as may be amended, supplemented or modified, including all exhibits thereto, the "<u>Plan</u>").[2]

2.     **Interim Bankruptcy Court Approval of the Disclosure Statement and the Notice Procedures.** On _____, 2019, the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") entered an order [D.I. _] (the "<u>Interim Approval and Procedures Order</u>") approving, among other things, the Disclosure Statement on an interim basis, as required under Local Rule 3017-2 and authorizing the Debtors to

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, are: Pernix Therapeutics Holdings, Inc. (4736), Pernix Therapeutics, LLC (1128), Pernix Manufacturing, LLC (1236), Pernix Sleep, Inc. (1599), Cypress Pharmaceuticals, Inc. (1860), Hawthorn Pharmaceuticals, Inc. (2769), Macoven Pharmaceuticals, L.L.C. (4549), Gaine, Inc. (3864), Respicopea, Inc. (1303), Pernix Ireland Limited (3106PH), Pernix Ireland Pain Designated Activity Company (0190LH), Pernix Holdco 1, LLC (N/A), Pernix Holdco 2, LLC (N/A), Pernix Holdco 3, LLC (N/A). The Debtors' corporate headquarters and the mailing address is 10 North Park Place, Suite 201, Morristown, NJ 07960.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan or the Disclosure Statement, as applicable.

provide notice of their intent to seek confirmation of the Plan pursuant to certain procedures set forth therein.

3.  **Objections to Final Approval of the Disclosure Statement and Confirmation of the Plan.** The Bankruptcy Court has established **June ___, 2019 at 4:00 p.m. (prevailing Eastern Time)**, as the last date and time for filing and serving objections to the adequacy of the information in the Disclosure Statement and to confirmation of the Plan (the "Objection Deadline"). Any objection to the final approval of the Disclosure Statement and confirmation of the Plan must (a) be in writing, (b) conform to the Bankruptcy Rules and the Local Rules, (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such Entity, (d) state with particularity the basis and nature of any objection to the Disclosure Statement, the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection, and (e) be filed, together with a proof of service, with the Bankruptcy Court and served so that it is **actually received no later than the Objection Deadline**, by: (i) co-counsel to the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Eli J. Vonnegut (eli.vonnegut@davispolk.com) and Christopher S. Robertson (christopher.robertson@davispolk.com), and (ii) Delaware counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Adam G. Landis (landis@lrclaw.com) and Kerri K. Mumford (mumford@lrclaw.com); (iii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Benjamin Hackman (benjamin.a.hackman@usdoj.gov); (iv) co-counsel to the official committee of unsecured creditors appointed in these chapter 11 cases (the "Committee"), (a) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, Bank of America Tower, New York, New York 10036, Attn: Arik Preis (apreis@akingump.com) and Gary Ritacco (gritacco@akingump.com) and (b) Potter Anderson & Corroon LLP, 1313 North Market Street, Sixth Floor, Wilmington, Delaware 19801, Attn: Jeremy W. Ryan (jryan@potteranderson.com) and R. Stephen McNeill (rmcneill@potteranderson.com); and (v) counsel to Highbridge, (a) Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036, Attn: Evan A. Hill (evan.hill@skadden.com) and Lisa Laukitis (lisa.laukitis@skadden.com) and (b) Skadden, Arps, Slate, Meagher & Flom LLP, One Rodney Square, 920 N. King Street, Wilmington Delaware 19801, Attn: Cameron M. Fee (cameron.fee@skadden.com).

4.  **Voting Procedures**. Holders of Class 5 (Prepetition Exchangeable Note Claims); Class 6 (General Unsecured Claims); Class 7 (Disputed Employee Litigation Claims); and Class 8 (Prepetition Treximet Highbridge Deficiency Claim) as of _____, 2019 (the "Record Date") are entitled to vote to accept or reject the Plan. If you hold such a Claim, you will receive a solicitation package which shall include, among other things, a copy of (i) this Notice, (ii) the Plan (on a disk or flash drive in PDF format), (iii) the Disclosure Statement (on a disk or flash drive in PDF format), and (iv) a ballot. Please review the ballot and the instructions included therewith for how to vote on the Plan. Failure to follow the voting instructions may disqualify your vote.

5.  **Voting Deadline**. The deadline to vote on the Plan is June __, 2019 at 11:59 pm (prevailing Eastern Time) (the "Voting Deadline"). The Debtors' noticing, claims and

administrative agent, Prime Clerk, LLC ("Prime Clerk"), must receive your ballot with an original signature by the Voting Deadline, otherwise your vote will not be counted. In order for your Ballot to count, you must (i) fully complete and execute the ballot and return it by first class mail, over-night courier or hand-delivery to Prime Clerk at the address set forth in the ballot or (ii) submit it via electronic online transmission through a customized online balloting portal on the Debtors' case website, https://cases.primeclerk.com/pernix,[3] so that such ballot is actually received by Prime Clerk on or before the Voting Deadline.

6.     **The Confirmation Hearing.**  A combined hearing to consider final approval of the Disclosure Statement and confirmation the Plan (the "Confirmation Hearing") will commence on June __, 2019 at __:__ _.m. (prevailing Eastern Time) before the Honorable Christopher S. Sontchi, Chief United States Bankruptcy Judge, in the United States Bankruptcy Court for the District of Delaware, located at 824 Market Street, 5th Floor, Wilmington, DE 19801. Please be advised that the Confirmation Hearing may be continued from time to time by the Bankruptcy Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Bankruptcy Court and served on parties entitled to notice under Bankruptcy Rule 2002 and the Local Rules or otherwise. In accordance with the Plan, the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing by further action of the Debtors and without further notice to or action, order, or approval of the Bankruptcy Court or any other entity.

7.     **Directions to Obtain the Plan Documents and Make Inquiries.**  With authority of the Bankruptcy Court, copies of the Plan, the Disclosure Statement, the Interim Approval and Procedures Order (the "Plan Documents") are not included with this service. If you should have any questions or if you would like to obtain any of the Plan Documents, please feel free to contact Prime Clerk by: (a) calling Prime Clerk at 844-339-4361 (toll free); (b) visiting the Debtors' case website at: http://cases.primeclerk.com/pernix and/or (c) writing to Pernix Sleep, Inc. Ballot Processing c/o Prime Clerk, LLC One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165. You may also obtain copies of any pleadings for a fee via PACER at: http://www.deb.uscourts.gov. Please be advised that Prime Clerk is authorized to answer questions about, and provide additional copies of, the Plan Documents, but may **not** advise you as to whether you should vote to accept or reject the Plan.

8.     **Release, Exculpation, and Injunction Language in the Plan.** Please be advised that Article VIII of the Plan contains the exculpation, releases and injunction provisions set forth below.  **YOU ARE ADVISED TO REVIEW AND CONSIDER THESE PROVISIONS CAREFULLY BECAUSE YOUR RIGHTS MAY BE AFFECTED. YOU MAY ELECT NOT TO GRANT THE RELEASES CONTAINED IN ARTICLE VIII.D.2 OF THE PLAN ONLY IF YOU ARE A MEMBER OF A VOTING CLASS AND YOU OPT OUT OF THE THIRD PARTY RELEASES. IF**

---

[3] The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be an original signature immediately legally valid and effective.

**YOU ARE A MEMBER OF A VOTING CLASS AND YOU FAIL TO OPT OUT OF THE THIRD PARTY RELEASES BEFORE THE VOTING DEADLINE SET FORTH ABOVE, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII.D.2 OF THE PLAN.**

### Article VIII.C. Exculpation

Effective as of the Effective Date, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from, any Exculpated Claim or any obligation, Cause of Action, or liability for any Exculpated Claim; provided, however, that the foregoing "exculpation" shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.

### Article VIII.D.1. Releases by the Debtors

Pursuant to section 1123(b) of the Bankruptcy Code and to the fullest extent authorized by applicable law, and except as otherwise specifically provided in the Plan, for good and valuable consideration, the adequacy of which is hereby confirmed, on and after the Effective Date, each Released Party is expressly, unconditionally, generally and individually and collectively released, acquitted and discharged by the Debtors and their Estates from any and all actions, claims, obligations, rights, suits, judgments, damages, demands, debts, rights, remedies, Causes of Action, and liabilities of any nature whatsoever, including any derivative claims or claims for recharacterization, subordination, or avoidance of the DIP Claims, Prepetition DDTL Secured Claims, Prepetition ABL Secured Claims, Prepetition Treximet Claims, Prepetition Exchangeable Note Claims, or any other claim against any Released Party, asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, matured or unmatured, fixed or contingent, liquidated or unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, that the Debtors or their Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the purchase, sale or rescission of the purchase or sale of, or any other transaction relating to any Security of the Debtors, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the DIP Financing Facility, the Sale, the UCC Settlement, the Global Settlement, the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments

or other documents (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date; provided, however, that the foregoing releases shall have no effect on (x) the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct, or (y) any Claim or Cause of Action that is a Transferred Asset.

### Article VIII.D.2. Consensual Third-Party Releases

Any holder of a Claim in an impaired class that is entitled to vote and that does not opt out of the Consensual Third Party Releases, shall be deemed, for good and valuable consideration, the adequacy of which is hereby confirmed, shall be deemed to forever release, waive, and discharge the Released Parties, other than the Debtors, of all claims, obligations suits, judgments, damages, demands, debts, rights, remedies, Causes of Action and liabilities of any nature whatsoever, whether direct or derivative, known or unknown, foreseen or unforeseen, matured or unmatured, fixed or contingent, liquidated or unliquidated, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, contract, violations of federal or state securities laws, or otherwise, including, without limitation, any of the foregoing based on or relating to, or in any manner arising from, in whole or in part, the purchase, sale or rescission of the purchase, sale, or any other transaction relating to any Security of the Debtors, the Debtors, the Debtors' restructuring efforts, the Chapter 11 Cases, the DIP Financing Facility, the Sale, the UCC Settlement, the Global Settlement, the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan or related agreements, instruments or other documents (including, for the avoidance of doubt, providing any legal opinion requested by any Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion), upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date relating to the Debtors; provided, however, that the foregoing releases shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct; provided, further, that the releases set forth in this section shall not be deemed a release of obligations owing by any party under the Global Settlement or the UCC Settlement.

## Article VIII.E. Injunction

Except as otherwise provided in the Plan or the Confirmation Order, as of the Effective Date, all Entities that have held, hold or may hold any Interest in the Debtors or a Claim, Cause of Action, or other debt or liability against the Debtors or against any Released Party that have been released and/or exculpated under the this Plan (the "Released Claims and Interests") are permanently enjoined from taking any of the following actions against the Debtors or the Released Parties or their respective predecessors, successors and assigns, subsidiaries, Affiliates, current (as of the Effective Date) directors, officers, principals, shareholders, members, partners, employees, agents, advisory board members, financial advisors, attorneys, accounts, investment bankers, consultants, representatives, and other Professionals solely in their respective capacities as such or any property of the same, on account of such Released Claims and Interests: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order; (iii) creating, perfecting or enforcing any lien or encumbrance; (iv) asserting any right of setoff (other than setoffs exercised prior to the Petition Date), or subrogation of any kind against any debt, liability or obligation on account of or in connection with or with respect to any Released Claims or Interests; and (c) commencing or continuing in any manner or in any place, any action that does not comply with or is inconsistent with this provision; provided, however, that the foregoing injunction shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud or willful misconduct.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE RELEASES, EXCULPATION, AND INJUNCTION PROVISIONS, AS YOUR RIGHTS MIGHT BE AFFECTED.**

Dated: May _____, 2019
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Jennifer L. Cree (No. 5919)
Nicolas E. Jenner (No. 6554 )
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
      mumford@lrclaw.com
      cree@lrclaw.com
      jenner@lrclaw.com

-and-

**DAVIS POLK & WARDWELL LLP**
Eli J. Vonnegut *(Admitted pro hac vice)*
Christopher S. Robertson *(Admitted pro hac vice)*
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: eli.vonnegut@davispolk.com
      christopher.robertson@davispolk.com

*Counsel to the Debtors and Debtors-In-Possession*

# **EXHIBIT 3**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERNIX SLEEP, INC., *et al.*[1] | Case No. 19-10323 (CSS) |
| Debtors. | Jointly Administered |

## NON-VOTING STATUS NOTICE WITH RESPECT TO UNIMPAIRED CLASSES DEEMED TO ACCEPT THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF PERNIX SLEEP, INC. AND ITS DEBTOR AFFILIATES

**PLEASE TAKE NOTICE THAT** on _____, 2019 the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [D.I. __] (the "Interim Approval and Procedures Order") approving, among other things, the *First Amended Disclosure Statement for the Joint Plan of Pernix Sleep, Inc. and Its Affiliated Debtors and Affiliated Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. __] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement") on an interim basis and authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes with regard to the acceptance or rejection of the *First Amended Joint Chapter 11 Plan of Liquidation of Pernix Sleep, Inc. and Its Affiliated Debtors and Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. __] (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "Plan").[2]

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, the Interim Approval and Procedures Order, Plan and other documents and materials included in the Solicitation Package may be obtained by contacting Prime Clerk LLC ("Prime Clerk"), the claims and administrative agent retained by the Debtors in these chapter 11 cases, by: (a) calling Prime Clerk at 844-339-4361 (toll free); (b) visiting the Debtors' case website at: http://cases.primeclerk.com/pernix; and/or (c) writing to Pernix Sleep, Inc. Ballot Processing c/o Prime Clerk, LLC One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, are: Pernix Therapeutics Holdings, Inc. (4736), Pernix Therapeutics, LLC (1128), Pernix Manufacturing, LLC (1236), Pernix Sleep, Inc. (1599), Cypress Pharmaceuticals, Inc. (1860), Hawthorn Pharmaceuticals, Inc. (2769), Macoven Pharmaceuticals, L.L.C. (4549), Gaine, Inc. (3864), Respicopea, Inc. (1303), Pernix Ireland Limited (3106PH), Pernix Ireland Pain Designated Activity Company (0190LH), Pernix Holdco 1, LLC (N/A), Pernix Holdco 2, LLC (N/A), Pernix Holdco 3, LLC (N/A). The Debtors' corporate headquarters and the mailing address is 10 North Park Place, Suite 201, Morristown, NJ 07960.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

New York, NY 10165.  You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at:  http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because, under the terms of the Plan your Claim(s) against the Debtors are Unimpaired and, therefore, pursuant to Bankruptcy Code section 1126(f), you are deemed to have accepted the Plan and are, therefore, not entitled to vote on the Plan.  Accordingly, this notice and the *Notice of (A) Interim Approval of the First Amended Disclosure Statement and (B) Combined Hearing to Consider Final Approval of the First Amended Disclosure Statement and Confirmation of the First Amended Plan and the Objection Deadline Related Thereto* (the "Confirmation Hearing Notice") are being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT AS SET FORTH IN THE CONFIRMATION HEARING NOTICE ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS, AND ARTICLE VIII.D.2 CONTAINS A THIRD-PARTY RELEASE.  PURSUANT TO THE PLAN YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN ARTICLE VIII AND DESCRIBED IN THE CONFIRMATION HEARING NOTICE IF YOU FAIL TO OBJECT TO THE THIRD PARTY RELEASE PRIOR TO THE OBJECTION DEADLINE. THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE INFORMATION CONTAINED IN THE CONFIRMATION HEARING NOTICE CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED UNDER THE PLAN.**

*[Remainder of Page Intentionally Left Blank]*

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claim(s), you should contact Prime Clerk in accordance with the instructions provided above.

Dated: May ____, 2019
       Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____
Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Jennifer L. Cree (No. 5919)
Nicolas E. Jenner (No. 6554 )
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
      mumford@lrclaw.com
      cree@lrclaw.com
      jenner@lrclaw.com

-and-

**DAVIS POLK & WARDWELL LLP**
Eli J. Vonnegut *(Admitted pro hac vice)*
Christopher S. Robertson *(Admitted pro hac vice)*
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: eli.vonnegut@davispolk.com
      christopher.robertson@davispolk.com

*Counsel to the Debtors and Debtors-In-Possession*

# **EXHIBIT 4**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERNIX SLEEP, INC., *et al.*[1] | Case No. 19-10323 (CSS) |
| Debtors. | Jointly Administered |

## NON-VOTING STATUS NOTICE WITH RESPECT TO IMPAIRED CLASSES DEEMED TO REJECT THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF PERNIX SLEEP, INC. AND ITS DEBTOR AFFILIATES

**PLEASE TAKE NOTICE THAT** on _____, 2019, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order [D.I. __] (the "Interim Approval and Procedures Order") approving, among other things, the *First Amended Disclosure Statement for the Joint Plan of Pernix Sleep, Inc. and Its Affiliated Debtors and Affiliated Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. __] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement") on an interim basis and authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes with regard to the acceptance or rejection of the *First Amended Joint Chapter 11 Plan of Liquidation of Pernix Sleep, Inc. and Its Affiliated Debtors and Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. __] (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "Plan").[2]

**PLEASE TAKE FURTHER NOTICE THAT** the Disclosure Statement, the Interim Approval and Procedures Order, Plan and other documents and materials included in the Solicitation Package may be obtained by contacting Prime Clerk LLC ("Prime Clerk"), the claims and administrative agent retained by the Debtors in these chapter 11 cases, by: (a) calling Prime Clerk at 844-339-4361 (toll free); (b) visiting the Debtors' case website at: http://cases.primeclerk.com/pernix; and/or (c) writing to Pernix Sleep, Inc. Ballot Processing c/o Prime Clerk, LLC One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, are: Pernix Therapeutics Holdings, Inc. (4736), Pernix Therapeutics, LLC (1128), Pernix Manufacturing, LLC (1236), Pernix Sleep, Inc. (1599), Cypress Pharmaceuticals, Inc. (1860), Hawthorn Pharmaceuticals, Inc. (2769), Macoven Pharmaceuticals, L.L.C. (4549), Gaine, Inc. (3864), Respicopea, Inc. (1303), Pernix Ireland Limited (3106PH), Pernix Ireland Pain Designated Activity Company (0190LH), Pernix Holdco 1, LLC (N/A), Pernix Holdco 2, LLC (N/A), Pernix Holdco 3, LLC (N/A). The Debtors' corporate headquarters and the mailing address is 10 North Park Place, Suite 201, Morristown, NJ 07960.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan or the Disclosure Statement, as applicable.

New York, NY 10165. You may also obtain copies of any pleadings filed in the Chapter 11 Cases for a fee via PACER at: http://www.deb.uscourts.gov.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because, under the terms of the Plan your Claim(s) against and/or Interest(s) in the Debtors are Impaired and, pursuant to section 1126(g) of the Bankruptcy Code, you are conclusively presumed to have rejected the Plan and are, therefore, not entitled to vote on the Plan. Accordingly, this notice and the *Notice of (A) Interim Approval of the First Amended Disclosure Statement and (B) Combined Hearing to Consider Final Approval of the First Amended Disclosure Statement and Confirmation of the First Amended Plan and the Objection Deadline Related Thereto* (the "Confirmation Hearing Notice") are being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT AS SET FORTH IN THE CONFIRMATION HEARING NOTICE ARTICLE VIII OF THE PLAN CONTAINS RELEASE, EXCULPATION AND INJUNCTION PROVISIONS. YOU ARE ADVISED TO REVIEW AND CONSIDER THE INFORMATION CONTAINED IN THE CONFIRMATION HEARING NOTICE CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED UNDER THE PLAN.**

*[Remainder of Page Intentionally Left Blank]*

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claim(s) or Interest(s), you should contact Prime Clerk in accordance with the instructions provided above.

Dated: May _____, 2019
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

_____

Adam G. Landis (No. 3407)
Kerri K. Mumford (No. 4186)
Jennifer L. Cree (No. 5919)
Nicolas E. Jenner (No. 6554 )
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
      mumford@lrclaw.com
      cree@lrclaw.com
      jenner@lrclaw.com

_-and-_

**DAVIS POLK & WARDWELL LLP**
Eli J. Vonnegut _(Admitted pro hac vice)_
Christopher S. Robertson _(Admitted pro hac vice)_
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: eli.vonnegut@davispolk.com
      christopher.robertson@davispolk.com

_Counsel to the Debtors and Debtors-In-Possession_

# EXHIBIT 5

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PERNIX SLEEP, INC., *et al.*[13] | Case No. 19-10323 (CSS) |
| Debtors. | Jointly Administered |
| | Ref. No. ___ |

**BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT
CHAPTER 11 PLAN OF PERNIX SLEEP, INC. AND ITS DEBTOR AFFILIATES
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE
CLASS 5 — PREPETITION EXCHANGEABLE NOTE CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THE BALLOT**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY PRIME CLERK LLC
BY JUNE ___, 2019 AT 11:59 P.M. PREVAILING
EASTERN TIME (THE "VOTING DEADLINE")**

The Debtors have sent this Ballot to you because its records indicate that you are a holder of a Class 5 Prepetition Exchangeable Note Claims, and accordingly, you have a right to vote to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation of Pernix Sleep, Inc. and Its Affiliated Debtors and Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. ___] (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "Plan"). Your rights are described in the *First Amended Disclosure Statement for the Joint Plan of Pernix Sleep, Inc. and Its Affiliated Debtors and Affiliated Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. ___] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"). The Bankruptcy Court entered an order [D.I. ___] (the "Interim Approval and Procedures Order")[14] approving, among other things, the Disclosure Statement on an interim basis and establishing procedures for the solicitation of the Plan.

---

[13] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, are: Pernix Therapeutics Holdings, Inc. (4736), Pernix Therapeutics, LLC (1128), Pernix Manufacturing, LLC (1236), Pernix Sleep, Inc. (1599), Cypress Pharmaceuticals, Inc. (1860), Hawthorn Pharmaceuticals, Inc. (2769), Macoven Pharmaceuticals, L.L.C. (4549), Gaine, Inc. (3864), Respicopea, Inc. (1303), Pernix Ireland Limited (3106PH), Pernix Ireland Pain Designated Activity Company (0190LH), Pernix Holdco 1, LLC (N/A), Pernix Holdco 2, LLC (N/A), Pernix Holdco 3, LLC (N/A). The Debtors' corporate headquarters and the mailing address is 10 North Park Place, Suite 201, Morristown, NJ 07960.

[14] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, the Disclosure Statement or the Interim Approval and Procedures Order, as applicable.

The Disclosure Statement, the Interim Approval and Procedures Order, the Plan, and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot.  Additionally, the Solicitation Package can be obtained by contacting Prime Clerk LLC ("Prime Clerk"), the claims and administrative agent retained by the Debtors in these Chapter 11 Cases, by: (a) calling Prime Clerk at 844-339-4361 (toll free) or +1 (347) 761-3288 (International); (b) visiting the Debtors' case website at: http://cases.primeclerk.com/pernix; and/or (c) writing to Pernix, Inc. Ballot Processing c/o Prime Clerk, LLC One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165.  You may also obtain copies of any pleadings filed in this Chapter 11 Case for a fee via PACER at: http://www.deb.uscourts.gov.  The Bankruptcy Court's interim approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  This Ballot may not be used for any purpose other than to vote to accept or reject the Plan.  If you believe you have received this Ballot in error, please contact Prime Clerk at the address or telephone number set forth above.

*You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 5 – Prepetition Exchangeable Notes Claims under the Plan.*

**If Prime Clerk does not receive your Ballot on or before the Voting Deadline, June __, 2019 at 11:59 p.m. prevailing Eastern Time and if the Voting Deadline is not extended, your vote as either an acceptance or rejection of the Plan will not count.  If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote.**

**Item 1. Principal Amount of Class 5 Prepetition Exchangeable Notes Claims.**

The undersigned hereby certifies that as of the Record Date, _____, 2019 prevailing Eastern Time, the undersigned was the holder of Class 5 Prepetition Exchangeable Notes Claims against the Debtors in the following amount (insert amount in box below):

$ _____

**Item 2.  Class 5 Prepetition Exchangeable Notes Claims Vote on the Plan.**

The holder of the Class 5 Prepetition Exchangeable Notes Claims set forth in Item 1 votes to (please check one):

☐    ACCEPT THE PLAN          ☐    REJECT THE PLAN

**ANY BALLOT THAT IS EXECUTED BY THE HOLDER OF A CLAIM BUT THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN WILL NOT BE COUNTED.**

**Item 3.  Opt-Out of the Third Party Release Provision**

CHECK THE BOX BELOW TO OPT-OUT OF THIRD PARTY RELEASE PROVISION OF ARTICLE VIII.D.2 OF THE PLAN.

The undersigned holder of the Class 5 Prepetition Exchangeable Notes Claims set forth in Item 1 elects to:

☐  Opt Out of the Third Party Release Provision

**Item 4.  Certifications**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and to the Debtors:

a.   that either: (i) the undersigned is the holder of the Class 5 Prepetition Exchangeable Notes Claims being voted; or (ii) the undersigned is an authorized signatory for an entity that is a holder of the Class 5 Prepetition Exchangeable Notes Claims being voted;

a.   that the holder of the Claims has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

b.   that the holder of the Claims has cast the same vote with respect to all Class 5 Prepetition Exchangeable Notes Claims; and

c.   that no other Ballots with respect to the amount of the Class 5 Prepetition Exchangeable Notes Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such Ballots dated earlier are hereby revoked.

Name of holder: _____

(Print or Type)

Social Security or Federal Tax Identification Number:_____

Signature: _____

Name of Signatory: _____

(If other than holder)

Title: _____

Address:_____

Date Completed: _____

**THE BALLOT MUST BE COMPLETED AND SUBMITTED, ON OR BEFORE THE VOTING DEADLINE, BY ONE OF THE FOLLOWING APPROVED SUBMISSION METHODS:**

| First Class Mail, Overnight Courier or Hand-Delivery To: | Electronic, online submission at: |
|---|---|
| Pernix Sleep, Inc. Ballot Processing c/o Prime Clerk, LLC<br>One Grand Central Place<br>60 East 42nd Street (Park Avenue)<br>Suite 1440<br>New York, NY 10165 | To submit your Ballot via Prime Clerk's online portal, please visit: *https://cases.primeclerk.com/pernix*, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.<br><br>IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:<br><br>Unique E-Ballot ID#:<br><br>_____<br><br>Prime Clerk's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will **not** be counted.<br><br>Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.<br><br>Creditors who cast a Ballot using Prime Clerk's online portal should **NOT** also submit a paper Ballot.<br><br>If you have any questions, please contact Prime Clerk at: Telephone: (844) 339-4361; or, +1 (347) 761-3288 (International), or via Email: pernixballots@PrimeClerk.com |

**EXCEPT AS EXPRESSLY PERMITTED ABOVE WITH RESPECT TO E-BALLOTS, BALLOTS SUBMITTED BY FACSIMILE, TELECOPY, ELECTRONIC MAIL, OR OTHER FORM OF ELECTRONIC SUBMISSION WILL <u>NOT</u> BE ACCEPTED.**

**YOUR BALLOT MUST BE RECEIVED BY THE VOTING DEADLINE, WHICH IS JUNE    , 2019 AT 11:59 P.M. PREVAILING EASTERN TIME.**

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.     The Debtors are soliciting the votes of holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions but not otherwise defined in the Ballot or these instructions shall have the meanings set forth in the Plan or the Disclosure Statement, copies of which also accompany the Ballot.

2.     The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan if, among other things, the Plan is confirmed. Please review the Disclosure Statement for more information.

3.     To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot and (c) submit the Ballot (i) to the address set forth on the enclosed pre-addressed envelope or (ii) electronically at the Debtors' case website, https://cases.primeclerk.com/pernix. The Voting Deadline for the receipt of Ballots by Prime Clerk is June __, 2019 at 11:59 p.m. prevailing Eastern Time. Your completed Ballot must be received by Prime Clerk on or before the Voting Deadline.

4.     You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5.     If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise. The method of delivery of Ballots to Prime Clerk is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when Prime Clerk **actually receives** the originally executed Ballot. If a holder of a Claim chooses effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service to assure timely delivery. No Ballot should be sent to the Debtors, the Debtors' agents (other than Prime Clerk), or the Debtors' financial or legal advisors and if so sent will not be counted.

6.     Except as expressly permitted in the context of electronic submissions of Ballots at the Debtors' case website, https://cases.primeclerk.com/pernix, delivery of a Ballot to Prime Clerk by facsimile, telecopy, e-mail or other form of electronic submissions will **not** be accepted.

7.    If multiple Ballots are received from the same holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last dated valid Ballot timely received will supersede and revoke any earlier dated Ballots.

8.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor Prime Clerk will accept delivery of any such certificates or instruments surrendered together with a Ballot.

9.    This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10.    Please be sure to executed and date your Ballot. If you are executing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when executing and, if requested by Prime Clerk, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

11.    The following Ballots shall **not** be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unexecuted Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Solicitation Procedures.

12.    If you believe you have wrongly received a Ballot, you should contact Prime Clerk immediately via telephone at 844-339-4361 (toll free) or +1 (347) 761-3288 (International) or via email at pernixballots@primeclerk.com.

## PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT PRIME CLERK VIA TELEPHONE AT 844-339-4361 (TOLL FREE) OR +1 (347) 761-3288 (INTERNATIONAL) OR VIA EMAIL AT PERNIXBALLOTS@PRIMECLERK.COM.**

# **EXHIBIT 6**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERNIX SLEEP, INC., *et al.*[15] | Case No. 19-10323 (CSS) |
| Debtors. | Jointly Administered |
| | **Ref. No. ___** |

## BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF PERNIX SLEEP, INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE
## CLASS 6 —  GENERAL UNSECURED CLAIMS

### PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THE BALLOT

### THIS BALLOT MUST BE ACTUALLY RECEIVED BY PRIME CLERK LLC BY JUNE    , 2019 AT 11:59 P.M. PREVAILING EASTERN TIME (THE "VOTING DEADLINE")

The Debtors have sent this Ballot to you because its records indicate that you are a holder of a Class 6 General Unsecured Claim, and accordingly, you have a right to vote to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation of Pernix Sleep, Inc. and Its Affiliated Debtors and Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. ___] (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "Plan"). Your rights are described in the *First Amended Disclosure Statement for the Joint Plan of Pernix Sleep, Inc. and Its Affiliated Debtors and Affiliated Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. ___] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"). The Bankruptcy Court entered an order [D.I. ___] (the "Interim Approval and Procedures Order")[16] approving, among other things, the Disclosure Statement on an interim basis and establishing procedures for the solicitation of the Plan.

---

[15] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, are: Pernix Therapeutics Holdings, Inc. (4736), Pernix Therapeutics, LLC (1128), Pernix Manufacturing, LLC (1236), Pernix Sleep, Inc. (1599), Cypress Pharmaceuticals, Inc. (1860), Hawthorn Pharmaceuticals, Inc. (2769), Macoven Pharmaceuticals, L.L.C. (4549), Gaine, Inc. (3864), Respicopea, Inc. (1303), Pernix Ireland Limited (3106PH), Pernix Ireland Pain Designated Activity Company (0190LH), Pernix Holdco 1, LLC (N/A), Pernix Holdco 2, LLC (N/A), Pernix Holdco 3, LLC (N/A). The Debtors' corporate headquarters and the mailing address is 10 North Park Place, Suite 201, Morristown, NJ 07960.

[16] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, the Disclosure Statement or the Interim Approval and Procedures Order, as applicable.

The Disclosure Statement, the Interim Approval and Procedures Order, the Plan, and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot. Additionally, the Solicitation Package can be obtained by contacting Prime Clerk LLC ("Prime Clerk"), the claims and administrative agent retained by the Debtors in these Chapter 11 Cases, by: (a) calling Prime Clerk at 844-339-4361 (toll free) or +1 (347) 761-3288 (International); (b) visiting the Debtors' case website at: http://cases.primeclerk.com/pernix; and/or (c) writing to Pernix, Inc. Ballot Processing c/o Prime Clerk, LLC One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165. You may also obtain copies of any pleadings filed in this Chapter 11 Case for a fee via PACER at: http://www.deb.uscourts.gov. The Bankruptcy Court's interim approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Ballot may not be used for any purpose other than to vote to accept or reject the Plan. If you believe you have received this Ballot in error, please contact Prime Clerk at the address or telephone number set forth above.

*You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 6 – General Unsecured Claims under the Plan.*

**If Prime Clerk does not receive your Ballot on or before the Voting Deadline, June __, 2019 at 11:59 p.m. prevailing Eastern Time and if the Voting Deadline is not extended, your vote as either an acceptance or rejection of the Plan will not count. If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote.**

**Item 1. Principal Amount of Class 6 General Unsecured Claims.**

The undersigned hereby certifies that as of the Record Date, _____, 2019 prevailing Eastern Time, the undersigned was the holder of Class 6 General Unsecured Claims against the Debtors in the following amount (insert amount in box below):

$_____

**Item 2. Class 6 General Unsecured Claims Vote on the Plan.**

The holder of the Class 6 General Unsecured Claims set forth in Item 1 votes to (please check one):

☐  ACCEPT THE PLAN          ☐  REJECT THE PLAN

**ANY BALLOT THAT IS EXECUTED BY THE HOLDER OF A CLAIM BUT THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN WILL NOT BE COUNTED.**

**Item 3.  Opt-Out of the Third Party Release Provision**

CHECK THE BOX BELOW TO OPT-OUT OF THIRD PARTY RELEASE PROVISION OF ARTICLE VIII.D.2 OF THE PLAN.

The undersigned holder of the Class 6 General Unsecured Claims set forth in Item 1 elects to:

☐  Opt Out of the Third Party Release Provision

**Item 4.  Certifications**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and to the Debtors:

b.    that either: (i) the undersigned is the holder of the Class 6 General Unsecured Claims being voted; or (ii) the undersigned is an authorized signatory for an entity that is a holder of the Class 6 General Unsecured Claims being voted;

d.    that the holder of the Claims has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

e.    that the holder of the Claims has cast the same vote with respect to all Class 6 General Unsecured Claims; and

f.    that no other Ballots with respect to the amount of the Class 6 General Unsecured Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such Ballots dated earlier are hereby revoked.

Name of holder: _____

(Print or Type)

Social Security or Federal Tax Identification Number:_____

Signature: _____

Name of Signatory: _____

(If other than holder)

Title: _____

Address:_____

Date Completed: _____

**THE BALLOT MUST BE COMPLETED AND SUBMITTED, ON OR BEFORE THE VOTING DEADLINE, BY ONE OF THE FOLLOWING APPROVED SUBMISSION METHODS:**

| First Class Mail, Overnight Courier or Hand-Delivery To: | Electronic, online submission at: |
|---|---|
| Pernix Sleep, Inc. Ballot Processing c/o Prime Clerk, LLC<br>One Grand Central Place<br>60 East 42nd Street (Park Avenue)<br>Suite 1440<br>New York, NY 10165 | To submit your Ballot via Prime Clerk's online portal, please visit: *https://cases.primeclerk.com/pernix*, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.<br><br>IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:<br><br>Unique E-Ballot ID#:<br><br>_____<br><br>Prime Clerk's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will **not** be counted.<br><br>Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.<br><br>Creditors who cast a Ballot using Prime Clerk's online portal should **NOT** also submit a paper Ballot.<br><br>If you have any questions, please contact Prime Clerk at: Telephone: (844) 339-4361; or, from +1 (347) 761-3288 (International), or via Email: pernixballots@PrimeClerk.com |

**EXCEPT AS EXPRESSLY PERMITTED ABOVE WITH RESPECT TO E-BALLOTS, BALLOTS SUBMITTED BY FACSIMILE, TELECOPY, ELECTRONIC MAIL, OR OTHER FORM OF ELECTRONIC SUBMISSION WILL NOT BE ACCEPTED.**

**YOUR BALLOT MUST BE RECEIVED BY THE VOTING DEADLINE, WHICH IS JUNE ___, 2019 AT 11:59 P.M. PREVAILING EASTERN TIME.**

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.  The Debtors are soliciting the votes of holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions but not otherwise defined in the Ballot or these instructions shall have the meanings set forth in the Plan or the Disclosure Statement, copies of which also accompany the Ballot.

2.  The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan if, among other things, the Plan is confirmed. Please review the Disclosure Statement for more information.

3.  To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot and (c) submit the Ballot (i) to the address set forth on the enclosed pre-addressed envelope or (ii) electronically at the Debtors' case website, https://cases.primeclerk.com/pernix. The Voting Deadline for the receipt of Ballots by Prime Clerk is June __, 2019 at 11:59 p.m. prevailing Eastern Time. Your completed Ballot must be received by Prime Clerk on or before the Voting Deadline.

4.  You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise. The method of delivery of Ballots to Prime Clerk is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when Prime Clerk **actually receives** the originally executed Ballot. If a holder of a Claim chooses effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service to assure timely delivery. No Ballot should be sent to the Debtors, the Debtors' agents (other than Prime Clerk), or the Debtors' financial or legal advisors and if so sent will not be counted.

6.  Except as expressly permitted in the context of electronic submissions of Ballots at the Debtors' case website, https://cases.primeclerk.com/pernix, delivery of a Ballot to Prime Clerk by facsimile, telecopy, e-mail or other form of electronic submissions will **not** be accepted.

7.  If multiple Ballots are received from the same holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last dated valid Ballot timely received will supersede and revoke any earlier dated Ballots.

8.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor Prime Clerk will accept delivery of any such certificates or instruments surrendered together with a Ballot.

9.    This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10.   Please be sure to executed and date your Ballot. If you are executing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when executing and, if requested by Prime Clerk, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

11.   The following Ballots shall **not** be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unexecuted Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Solicitation Procedures.

12.   If you believe you have wrongly received a Ballot, you should contact Prime Clerk immediately via telephone at 844-339-4361 (toll free) or +1 (347) 761-3288 (International) or via email at pernixballots@primeclerk.com.

### PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT PRIME CLERK VIA TELEPHONE AT 844-339-4361 (TOLL FREE) OR +1 (347) 761-3288 (INTERNATIONAL) OR VIA EMAIL AT PERNIXBALLOTS@PRIMECLERK.COM.**

# **EXHIBIT 7**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| PERNIX SLEEP, INC., *et al.*[17] | Case No. 19-10323 (CSS) |
| Debtors. | Jointly Administered |
| | Ref. No. ___ |

**BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT
CHAPTER 11 PLAN OF PERNIX SLEEP, INC. AND ITS DEBTOR AFFILIATES
PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE
CLASS 7 — DISPUTED EMPLOYEE LITIGATION CLAIMS**

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR
COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THE BALLOT**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY PRIME CLERK LLC
BY JUNE    , 2019 AT 11:59 P.M. PREVAILING
EASTERN TIME (THE "VOTING DEADLINE")**

The Debtors have sent this Ballot to you because its records indicate that you are a holder of a Class 7 Disputed Employee Litigation Claims, and accordingly, you have a right to vote to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation of Pernix Sleep, Inc. and Its Affiliated Debtors and Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. __] (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "Plan"). Your rights are described in the *First Amended Disclosure Statement for the Joint Plan of Pernix Sleep, Inc. and Its Affiliated Debtors and Affiliated Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. __] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"). The Bankruptcy Court entered an order [D.I. __] (the "Interim Approval and Procedures Order")[18] approving, among other things, the Disclosure Statement on an interim basis and establishing procedures for the solicitation of the Plan.

---

[17] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, are: Pernix Therapeutics Holdings, Inc. (4736), Pernix Therapeutics, LLC (1128), Pernix Manufacturing, LLC (1236), Pernix Sleep, Inc. (1599), Cypress Pharmaceuticals, LLC (1860), Hawthorn Pharmaceuticals, Inc. (2769), Macoven Pharmaceuticals, L.L.C. (4549), Gaine, Inc. (3864), Respicopea, Inc. (1303), Pernix Ireland Limited (3106PH), Pernix Ireland Pain Designated Activity Company (0190LH), Pernix Holdco 1, LLC (N/A), Pernix Holdco 2, LLC (N/A), Pernix Holdco 3, LLC (N/A). The Debtors' corporate headquarters and the mailing address is 10 North Park Place, Suite 201, Morristown, NJ 07960.

[18] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, the Disclosure Statement or the Interim Approval and Procedures Order, as applicable.

The Disclosure Statement, the Interim Approval and Procedures Order, the Plan, and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot.  Additionally, the Solicitation Package can be obtained by contacting Prime Clerk LLC ("Prime Clerk"), the claims and administrative agent retained by the Debtors in these Chapter 11 Cases, by: (a) calling Prime Clerk at 844-339-4361 (toll free) or +1 (347) 761-3288 (International); (b) visiting the Debtors' case website at: http://cases.primeclerk.com/pernix; and/or (c) writing to Pernix, Inc. Ballot Processing c/o Prime Clerk, LLC One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165.  You may also obtain copies of any pleadings filed in this Chapter 11 Case for a fee via PACER at: http://www.deb.uscourts.gov.  The Bankruptcy Court's interim approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  This Ballot may not be used for any purpose other than to vote to accept or reject the Plan.  If you believe you have received this Ballot in error, please contact Prime Clerk at the address or telephone number set forth above.

*You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 7 – Disputed Employee Litigation Claims under the Plan.*

**If Prime Clerk does not receive your Ballot on or before the Voting Deadline, June __, 2019 at 11:59 p.m. prevailing Eastern Time and if the Voting Deadline is not extended, your vote as either an acceptance or rejection of the Plan will not count.  If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote.**

**Item 1. Principal Amount of Class 7 Disputed Employee Litigation Claims.**

The undersigned hereby certifies that as of the Record Date, _____, 2019 prevailing Eastern Time, the undersigned was the holder of Class 7 Disputed Employee Litigation Claims against the Debtors in the following amount (insert amount in box below):

$_____

**Item 2.  Class 7 Disputed Employee Litigation Claims Vote on the Plan.**

The holder of the Class 7 Disputed Employee Litigation Claims set forth in Item 1 votes to (please check one):

☐    ACCEPT THE PLAN          ☐    REJECT THE PLAN

**ANY BALLOT THAT IS EXECUTED BY THE HOLDER OF A CLAIM BUT THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN WILL NOT BE COUNTED.**

**IF THE CLASS 7 STIPULATION IS APPROVED BY THE COURT, THE HOLDERS OF THE DISPUTED EMPLOYEE LITIGATION CLAIMS ARE ENTITLED TO THE CLASS 7 CASH RECOVERY.**

**IF THE CLASS 7 STIPULATION IS NOT APPROVED BY THE COURT, EACH DISPUTED EMPLOYEE LITIGATION CLAIM SHALL BE ESTIMATED AT $0.00 FOR PURPOSES OF THE PLAN AND DISTRIBUTIONS.**

**Item 3.  Opt-Out of the Third Party Release Provision**

CHECK THE BOX BELOW TO OPT-OUT OF THIRD PARTY RELEASE PROVISION OF ARTICLE VIII.D.2 OF THE PLAN.

The undersigned holder of the Class 7 Disputed Employee Litigation Claims set forth in Item 1 elects to:

☐  Opt Out of the Third Party Release Provision

**Item 4.  Certifications**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and to the Debtors:

    c.    that either: (i) the undersigned is the holder of the Class 7 Disputed Employee Litigation Claims being voted; or (ii) the undersigned is an authorized signatory for an entity that is a holder of the Class 7 Disputed Employee Litigation Claims being voted;

    g.    that the holder of the Claims has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

    h.    that the holder of the Claims has cast the same vote with respect to all Class 7 Disputed Employee Litigation Claims; and

    i.    that no other Ballots with respect to the amount of the Class 7 Disputed Employee Litigation Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such Ballots dated earlier are hereby revoked.

Name of holder: _____

             (Print or Type)

Social Security or Federal Tax Identification Number:_____

Signature: _____

Name of Signatory: _____

                (If other than holder)

Title: _____

Address: _____

Date Completed: _____

**THE BALLOT MUST BE COMPLETED AND SUBMITTED, ON OR BEFORE THE VOTING DEADLINE, BY ONE OF THE FOLLOWING APPROVED SUBMISSION METHODS:**

| First Class Mail, Overnight Courier or Hand-Delivery To: | Electronic, online submission at: |
|---|---|
| Pernix Sleep, Inc. Ballot Processing c/o Prime Clerk, LLC<br>One Grand Central Place<br>60 East 42nd Street (Park Avenue)<br>Suite 1440<br>New York, NY 10165 | To submit your Ballot via Prime Clerk's online portal, please visit: *https://cases.primeclerk.com/pernix*, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.<br><br>IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:<br><br>Unique E-Ballot ID#:<br><br>_____<br><br>Prime Clerk's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will **not** be counted.<br><br>Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot. Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.<br><br>Creditors who cast a Ballot using Prime Clerk's online portal should **NOT** also submit a paper Ballot.<br><br>If you have any questions, please contact Prime Clerk at: Telephone: (844) 339-4361; or, from +1 (347) 761-3288 (International), or via Email: |

| pernixballots@PrimeClerk.com |
| --- |

**EXCEPT AS EXPRESSLY PERMITTED ABOVE WITH RESPECT TO E-BALLOTS, BALLOTS SUBMITTED BY FACSIMILE, TELECOPY, ELECTRONIC MAIL, OR OTHER FORM OF ELECTRONIC SUBMISSION WILL <u>NOT</u> BE ACCEPTED.**

**YOUR BALLOT MUST BE RECEIVED BY THE VOTING DEADLINE, WHICH IS JUNE    , 2019 AT 11:59 P.M. PREVAILING EASTERN TIME.**

## INSTRUCTIONS FOR COMPLETING BALLOTS

1.  The Debtors are soliciting the votes of holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions but not otherwise defined in the Ballot or these instructions shall have the meanings set forth in the Plan or the Disclosure Statement, copies of which also accompany the Ballot.

2.  The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan if, among other things, the Plan is confirmed.  Please review the Disclosure Statement for more information.

3.  To ensure that your vote is counted, you must:  (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot and (c) submit the Ballot (i) to the address set forth on the enclosed pre-addressed envelope or (ii) electronically at the Debtors' case website, https://cases.primeclerk.com/pernix.  The Voting Deadline for the receipt of Ballots by Prime Clerk is June __, 2019 at 11:59 p.m. prevailing Eastern Time.  Your completed Ballot must be received by Prime Clerk on or before the Voting Deadline.

4.  You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote.  Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  Further, if a holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5.  If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise.  The method of delivery of Ballots to Prime Clerk is at the election and risk of each holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when Prime Clerk **actually receives** the originally executed Ballot.  If a holder of a Claim chooses effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service to assure timely delivery.  No Ballot should be sent to the Debtors, the Debtors' agents (other than Prime Clerk), or the Debtors' financial or legal advisors and if so sent will not be counted.

6.  Except as expressly permitted in the context of electronic submissions of Ballots at the Debtors' case website, https://cases.primeclerk.com/pernix, delivery of a Ballot to Prime

Clerk by facsimile, telecopy, e-mail or other form of electronic submissions will **not** be accepted.

7. If multiple Ballots are received from the same holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last dated valid Ballot timely received will supersede and revoke any earlier dated Ballots.

8. The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor Prime Clerk will accept delivery of any such certificates or instruments surrendered together with a Ballot.

9. This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10. Please be sure to executed and date your Ballot. If you are executing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when executing and, if requested by Prime Clerk, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

11. The following Ballots shall **not** be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unexecuted Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Solicitation Procedures.

12. If you believe you have wrongly received a Ballot, you should contact Prime Clerk immediately via telephone at 844-339-4361 (toll free) or +1 (347) 761-3288 (International) or via email at pernixballots@primeclerk.com.

### PLEASE SUBMIT YOUR BALLOT PROMPTLY!

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT PRIME CLERK VIA TELEPHONE AT 844-339-4361 (TOLL FREE) OR +1 (347) 761-3288 (INTERNATIONAL) OR VIA EMAIL AT PERNIXBALLOTS@PRIMECLERK.COM.**

# **EXHIBIT 8**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| PERNIX SLEEP, INC., *et al.*[1] | Case No. 19-10323 (CSS) |
| Debtors. | Jointly Administered |
| | Ref. No. ___ |

## BALLOT FOR ACCEPTING OR REJECTING THE FIRST AMENDED JOINT CHAPTER 11 PLAN OF PERNIX SLEEP, INC. AND ITS DEBTOR AFFILIATES PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE
## CLASS 8 —  PREPETITION TREXIMET HIGHBRIDGE DEFICIENCY CLAIMS

### PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY BEFORE COMPLETING THE BALLOT

### THIS BALLOT MUST BE ACTUALLY RECEIVED BY PRIME CLERK LLC BY JUNE    , 2019 AT 11:59 P.M. PREVAILING EASTERN TIME (THE "VOTING DEADLINE")

The Debtors have sent this Ballot to you because its records indicate that you are a holder of a Class 8 Prepetition Treximet Highbridge Deficiency Claims, and accordingly, you have a right to vote to accept or reject the *First Amended Joint Chapter 11 Plan of Liquidation of Pernix Sleep, Inc. and Its Affiliated Debtors and Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. __] (including all exhibits thereto and as amended, supplemented, or otherwise modified from time to time, the "Plan"). Your rights are described in the *First Amended Disclosure Statement for the Joint Plan of Pernix Sleep, Inc. and Its Affiliated Debtors and Affiliated Debtors-In-Possession Pursuant to Chapter 11 of the Bankruptcy Code* dated May 6, 2019 [D.I. __] (including all exhibits thereto and as amended, supplemented or otherwise modified from time to time, the "Disclosure Statement"). The Bankruptcy Court entered an order [D.I. __] (the "Interim Approval and Procedures Order")[2] approving, among other things, the Disclosure Statement on an interim basis and establishing procedures for the solicitation of the Plan.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, where applicable, are: Pernix Therapeutics Holdings, Inc. (4736), Pernix Therapeutics, LLC (1128), Pernix Manufacturing, LLC (1236), Pernix Sleep, Inc. (1599), Cypress Pharmaceuticals, Inc. (1860), Hawthorn Pharmaceuticals, Inc. (2769), Macoven Pharmaceuticals, L.L.C. (4549), Gaine, Inc. (3864), Respicopea, Inc. (1303), Pernix Ireland Limited (3106PH), Pernix Ireland Pain Designated Activity Company (0190LH), Pernix Holdco 1, LLC (N/A), Pernix Holdco 2, LLC (N/A), Pernix Holdco 3, LLC (N/A). The Debtors' corporate headquarters and the mailing address is 10 North Park Place, Suite 201, Morristown, NJ 07960.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan, the Disclosure Statement or the Interim Approval and Procedures Order, as applicable.

The Disclosure Statement, the Interim Approval and Procedures Order, the Plan, and certain other materials contained in the Solicitation Package are included in the packet you are receiving with this Ballot. Additionally, the Solicitation Package can be obtained by contacting Prime Clerk LLC ("Prime Clerk"), the claims and administrative agent retained by the Debtors in these Chapter 11 Cases, by: (a) calling Prime Clerk at 844-339-4361 (toll free) or +1 (347) 761-3288 (International); (b) visiting the Debtors' case website at: http://cases.primeclerk.com/pernix; and/or (c) writing to Pernix, Inc. Ballot Processing c/o Prime Clerk, LLC One Grand Central Place, 60 East 42nd Street (Park Avenue), Suite 1440, New York, NY 10165. You may also obtain copies of any pleadings filed in this Chapter 11 Case for a fee via PACER at: http://www.deb.uscourts.gov. The Bankruptcy Court's interim approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court. This Ballot may not be used for any purpose other than to vote to accept or reject the Plan. If you believe you have received this Ballot in error, please contact Prime Clerk at the address or telephone number set forth above.

*You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advice concerning the Plan and the Plan's classification and treatment of your Claim. Your Claim has been placed in Class 8 Prepetition Treximet Highbridge Deficiency Claims under the Plan.*

**If Prime Clerk does not receive your Ballot on or before the Voting Deadline, June __, 2019 at 11:59 p.m. prevailing Eastern Time and if the Voting Deadline is not extended, your vote as either an acceptance or rejection of the Plan will not count. If the Bankruptcy Court confirms the Plan, it will bind you regardless of whether you vote.**

**Item 1. Principal Amount of Class 8 Prepetition Treximet Highbridge Deficiency Claims.**

The undersigned hereby certifies that as of the Record Date, _____, 2019 prevailing Eastern Time, the undersigned was the holder of Class 8 Prepetition Treximet Highbridge Deficiency Claims against the Debtors in the following amount (insert amount in box below):

> $ _____

**Item 2. Class 8 Prepetition Treximet Highbridge Deficiency Claims Vote on the Plan.**

The holder of the Class 8 Prepetition Treximet Highbridge Deficiency Claims set forth in Item 1 votes to (please check one):

☐ <u>ACCEPT</u> THE PLAN        ☐ <u>REJECT</u> THE PLAN

**ANY BALLOT THAT IS EXECUTED BY THE HOLDER OF A CLAIM BUT THAT INDICATES BOTH AN ACCEPTANCE AND A REJECTION OF THE PLAN OR DOES NOT INDICATE EITHER AN ACCEPTANCE OR REJECTION OF THE PLAN WILL NOT BE COUNTED.**

**Item 3.  Opt-Out of the Third Party Release Provision**

CHECK THE BOX BELOW TO OPT-OUT OF THIRD PARTY RELEASE PROVISION OF ARTICLE VIII.D.2 OF THE PLAN.

The undersigned holder of the Class 8 Prepetition Treximet Highbridge Deficiency Claims Prepetition Exchangeable Notes Claims set forth in Item 1 elects to:

☐  Opt Out of the Third Party Release Provision

**Item 4.  Certifications**

By signing this Ballot, the undersigned certifies to the Bankruptcy Court and to the Debtors:

d.

e.    that either: (i) the undersigned is the holder of the Class 8 Prepetition Treximet Highbridge Deficiency Claims being voted; or (ii) the undersigned is an authorized signatory for an entity that is a holder of the Class 8 Prepetition Treximet Highbridge Deficiency Claims being voted;

j.    that the holder of the Claims has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

k.    that the holder of the Claims has cast the same vote with respect to all Class 8 Prepetition Treximet Highbridge Deficiency Claims; and

l.    that no other Ballots with respect to the amount of the Class 8 Prepetition Treximet Highbridge Deficiency Claims identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Claims, then any such Ballots dated earlier are hereby revoked.

Name of holder: _____

(Print or Type)

Social Security or Federal Tax Identification Number:_____

Signature: _____

Name of Signatory: _____

(If other than holder)

Title: _____

Address:_____

Date Completed: _____

**THE BALLOT MUST BE COMPLETED AND SUBMITTED, ON OR BEFORE THE VOTING DEADLINE, BY ONE OF THE FOLLOWING APPROVED SUBMISSION METHODS:**

| First Class Mail, Overnight Courier or Hand-Delivery To: | Electronic, online submission at: |
|---|---|
| Pernix Sleep, Inc. Ballot Processing c/o Prime Clerk, LLC<br>One Grand Central Place<br>60 East 42nd Street (Park Avenue)<br>Suite 1440<br> New York, NY 10165 | To submit your Ballot via Prime Clerk's online portal, please visit: *https://cases.primeclerk.com/pernix*, click on "Submit E-Ballot" and follow the instructions to submit your Ballot.<br><br>IMPORTANT NOTE: You will need the following information to retrieve and submit your customized electronic Ballot:<br><br>Unique E-Ballot ID#:<br><br>_____<br><br>Prime Clerk's online portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will **not** be counted.<br><br>Each E-Ballot ID# is to be used solely for voting only those Claims described in Item 1 of your electronic Ballot.  Please complete and submit an electronic Ballot for each E-Ballot ID# you receive, as applicable.<br><br>Creditors who cast a Ballot using Prime Clerk's online portal should **NOT** also submit a paper Ballot.<br><br>If you have any questions, please contact Prime Clerk at: Telephone: (844) 339-4361; or, from +1 (347) 761-3288 (International), or via Email: pernixballots@PrimeClerk.com |

**EXCEPT AS EXPRESSLY PERMITTED ABOVE WITH RESPECT TO E-BALLOTS, BALLOTS SUBMITTED BY FACSIMILE, TELECOPY, ELECTRONIC MAIL, OR OTHER FORM OF ELECTRONIC SUBMISSION WILL <u>NOT</u> BE ACCEPTED.**

**YOUR BALLOT MUST BE RECEIVED BY THE VOTING DEADLINE, WHICH IS JUNE ___, 2019 AT 11:59 P.M. PREVAILING EASTERN TIME.**

## INSTRUCTIONS FOR COMPLETING BALLOTS

1. The Debtors are soliciting the votes of holders of Claims with respect to the Plan attached as <u>Exhibit A</u> to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions but not otherwise defined in the Ballot or these instructions shall have the meanings set forth in the Plan or the Disclosure Statement, copies of which also accompany the Ballot.

2. The Bankruptcy Court may confirm the Plan and thereby bind you by the terms of the Plan if, among other things, the Plan is confirmed. Please review the Disclosure Statement for more information.

3. To ensure that your vote is counted, you must: (a) complete the Ballot; (b) indicate your decision either to accept or reject the Plan in the boxes provided in Item 2 of the Ballot and (c) submit the Ballot (i) to the address set forth on the enclosed pre-addressed envelope or (ii) electronically at the Debtors' case website, https://cases.primeclerk.com/pernix. The Voting Deadline for the receipt of Ballots by Prime Clerk is June __, 2019 at 11:59 p.m. prevailing Eastern Time. Your completed Ballot must be received by Prime Clerk on or before the Voting Deadline.

4. You must vote all of your Claims within a particular Class either to accept or reject the Plan and may not split your vote. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, if a holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular holder within a Class for the purpose of counting votes.

5. If a Ballot is received after the Voting Deadline, it will not be counted unless the Debtors determine otherwise. The method of delivery of Ballots to Prime Clerk is at the election and risk of each holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when Prime Clerk **actually receives** the originally executed Ballot. If a holder of a Claim chooses effecting delivery by mail, it is recommended, though not required, that holders use an overnight or hand delivery service to assure timely delivery. No Ballot should be sent to the Debtors, the Debtors' agents (other than Prime Clerk), or the Debtors' financial or legal advisors and if so sent will not be counted.

6. Except as expressly permitted in the context of electronic submissions of Ballots at the Debtors' case website, https://cases.primeclerk.com/pernix, delivery of a Ballot to Prime Clerk by facsimile, telecopy, e-mail or other form of electronic submissions will **not** be accepted.

7. If multiple Ballots are received from the same holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last dated valid Ballot timely received will supersede and revoke any earlier dated Ballots.

8.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan. Accordingly, at this time, holders of Claims should not surrender certificates or instruments representing or evidencing their Claims, and neither the Debtors nor Prime Clerk will accept delivery of any such certificates or instruments surrendered together with a Ballot.

9.  This Ballot does not constitute, and shall not be deemed to be: (a) a Proof of Claim; or (b) an assertion or admission of a Claim.

10. Please be sure to executed and date your Ballot. If you are executing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you should indicate such capacity when executing and, if requested by Prime Clerk, the Debtors, or the Bankruptcy Court, must submit proper evidence to the requesting party to so act on behalf of such holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

11. The following Ballots shall **not** be counted in determining the acceptance or rejection of the Plan: (a) any Ballot that is illegible or contains insufficient information to permit the identification of the holder of the Claim; (b) any Ballot cast by a Party that does not hold a Claim in a Class that is entitled to vote on the Plan; (c) any unexecuted Ballot; (d) any Ballot not marked to accept or reject the Plan or any Ballot marked both to accept and reject the Plan; and (e) any Ballot submitted by any entity not entitled to vote pursuant to the Solicitation Procedures.

12. If you believe you have wrongly received a Ballot, you should contact Prime Clerk immediately via telephone at 844-339-4361 (toll free) or +1 (347) 761-3288 (International) or via email at pernixballots@primeclerk.com.

### <u>PLEASE SUBMIT YOUR BALLOT PROMPTLY!</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT PRIME CLERK VIA TELEPHONE AT 844-339-4361 (TOLL FREE) OR +1 (347) 761-3288 (INTERNATIONAL) OR VIA EMAIL AT PERNIXBALLOTS@PRIMECLERK.COM.**